# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT TRINIDAD,<br><br>    Plaintiff,<br><br>v.<br><br>PDD HOLDINGS, INC., a Cayman Islands corporation, WHALECO, INC., a Delaware corporation, and DOES 1-10,<br><br>    Defendants. | The Hon. Sharon Johnson Coleman<br><br>Case No. 23-cv-04786 |

## PLAINTIFF VINCENT TRINIDAD'S 56(d) MOTION TO TAKE DISCOVERY NECESSARY TO RESPOND TO DEFENDANT WHALECO, INC.'S MOTION FOR SUMMARY JUDGEMENT

Plaintiff Vincent Trinidad ("Plaintiff"), pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, respectfully submits this Rule 56(d) Motion to Take Discovery Necessary to Respond to Defendant WhaleCo, Inc.'s ("Whaleco") Motion for Summary Judgment.

## I.  INTRODUCTION

Rule 56(d) allows the Court to deny a motion for summary judgment, or to continue its ruling, pending further discovery if the non-movant shows that it cannot present facts essential to oppose the motion. *See* Fed. R. Civ. P. 56(d). Defendant Whaleco has prematurely filed a Motion for Summary Judgment. Other than the handful of cherry-picked documents attached as exhibits to its Motion for Summary Judgment, Whaleco has not produced *any* documents to Plaintiff. Plaintiff is entitled to relief pursuant to Fed. R. Civ. P. 56(d) given that the parties have not yet completed fact discovery.

Whaleco's Motion for Summary Judgment raises two primary issues: (1) whether Whaleco engaged in direct copyright infringement; and (2) whether Whaleco is protected by the DMCA's safe harbor provision. In order to respond to Whaleco's arguments, Plaintiff requires discovery

1

from Defendants regarding the extent of the services provided by Whaleco to its purported third-party sellers on Temu.com, and Whaleco's efforts to implement any purported copyright infringement policies. Thus, Plaintiff respectfully requests that he is granted additional time to conduct further discovery prior to responding to Whaleco's Motion for Summary Judgment.

## II.  FACTUAL BACKGROUND

Plaintiff Vincent Trinidad is a contemporary artist and citizen of the Philippies. Complaint [ECF No. 1], ¶ 9, 21. Plaintiff's makes a living by selling and licensing his artwork to collectors and brands, and is the author of the original works entitled "Cantana", "Catsune", and "Neko Shogun" (the "Works"). *Id.,* ¶ 23,25. In 2023, Defendants, through their online commerce platform, Temu, began selling apparel using images of Plaintiff's Works (the "Infringing Products"). *Id.,* ¶¶ 30-32. Despite intentionally copying the Works on the Infringing Products, Defendants did not offer to compensate Plaintiff, did not ask his permission to copy the Works, and did not give him any credit when they did copy his creation. *Id.* Plaintiff brought suit alleging that Defendants are liable for copyright infringement under 17 U.S.C. § 101, *et seq. Id.*, ¶¶ 45-53.

On October 13, 2023, the parties jointly submitted their Joint Initial Status Report [ECF No. 33]. The Parties agreed upon the following discovery schedule:

   a.  The parties would exchange initial disclosures by November 10, 2023;

   b.  The parties would exchange a first set of interrogatories and requests for production be served no later than 30 days after entry of a scheduling order;

   c.  All fact discovery will be completed by March 29, 2024;

   d.  The parties will designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 29, 2024;

e. The parties will designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 29, 2024;

f. All expert discovery be completed by June 29, 2024; and,

g. All dispositive and Daubert motions would be filed on or before July 31, 2024.

[ECF No. 33].

In furtherance of the agreed upon discovery schedule, the Parties have conducted the following discovery:

a. On September 29, 2023, Whaleco served its First Set of Interrogatories, First Set of Requests for Admissions, and First Set of Requests for Production on Plaintiff (*see* Exhibit A, Declaration of Elizabeth Austermuehle in Support of Plaintiff Vincent Trinidad's Rule 56(d) Motion to Take Discovery Necessary to Respond to Defendant Whaleco, Inc's Motion for Summary Judgment ("Austermuehle Decl."), ¶ 3(a));[1]

b. On October 26, 2023, Plaintiff served his First Set of Requests for Production to Whaleco and PDD and his First Set of Interrogatories to Whaleco and PDD (*Id*, ¶ 3(b)).

c. On October 30, 2023, Plaintiff served hisObjections and Responses to Whaleco's First Set of Requests for Production, Requests for Admission, and Interrogatories (*Id*, ¶ 3(c));

d. On November 10, 2023, Plaintiffs and Whaleco served their Initial Disclosures[2] (*Id*, ¶ 3(d)); and

---

[1] PDD has not issued any written discovery to Plaintiff.
[2] PDD has not served Initial Disclosures to date.

e. On December 4, 2023, PDD and Whaleco respectively served their Objections and Responses to each Plaintiff's First Set of Interrogatories and First Set of Requests for Production (*Id,* ¶ 3(e)).

To date, the parties have not exchanged documents. Further, the parties have not yet taken any depositions. *Id.,* ¶ 9.

On December 4, 2023, Whaleco filed its Motion for Summary Judgment. [ECF No. 47].The Motion was noticed for presentment before Judge Coleman on January 9, 2024. [ECF No. 52]. No briefing schedule has been set. To properly respond to the Motion, Plaintiff needs additional discovery:

a. On December 12, 2023, Plaintiff served deposition notices for Jinhao Yu, Zhu Ji, PDD, and Whaleco (*see* Exhibit A, Austermuehle Decl., ¶ 10(a));

b. On December 13, 2023, Plaintiff served his Second Set of Requests for Production to Whaleco and PDD and his Second Set of Interrogatories to Whaleco and PDD (*Id.,* ¶ 10(b)); and,

c. On December 13, 2023, Plaintiff issued correspondence regarding the deficiencies in Defendants' responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production (*Id.,* ¶ 10(c)).

Defendants have thus far refused to engage in any discovery in good faith, and on December 20, 2023, Defendants filed their Motion to Stay. [ECF No. 59].

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(b) provides that, unless local court rules or a case-specific order provides otherwise, a party may file a motion for summary judgment at any time

until 30 days after the close of all discovery. Rule 56(d) provides that, after a party moves for summary judgment:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). A party can successfully defeat or delay a ruling on a motion for summary judgment by "affirmatively demonstrating why he cannot respond to a movant's affidavits . . . and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Korf v. Ball State Univ.*, 726 F.2d 1222, 1230 (7th Cir. 1984); *see also Cent. Contracting, Inc. v. Kenny Constr. Co.*, No. 11 C 9175, 2012 WL 833843, at *4-5 (N.D. Ill. March 12, 2012) (granting Rule 56(d) motion because movant was able to state the reasons why it could not adequately respond to the motion for summary judgment without further discovery).

The purpose of a Rule 56(d) motion is to state why additional discovery is needed before a party can properly respond to a pending summary judgment motion. It is not intended to set forth factual evidence to dispute the movant's summary judgment motion. *Cent. Contracting, Inc. v. Kenny Const. Co.*, 11 C 9175, 2012 WL 832842, at *4 (N.D. Ill. Mar. 12, 2012). "A party seeking the protection" of Rule 56(d) "must make a good faith showing that it cannot respond to the movant's affidavits." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057, n.5 (7th Cir. 2000). Rule 56(d) "is intended as a safeguard against a premature grant of summary judgment . . . ; thus we should construe the rule liberally and not find violations on rigid technical grounds." *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994); *see also Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3rd Cir. 2007) ("District courts usually grant properly filed Rule 56[d] motions as a matter of course.") (citation omitted); *Simas v. First Citizens' Fed. Credit Union*, 170 F.3d 37, 46 (1st Cir.

1999) ("When all . . . requirements [of a Rule 56(d) motion] are satisfied . . . a strong presumption arises in favor of relief . . . [and the movant] should be treated liberally.").

For the reasons set forth below, Plaintiff's Motion should be granted and the Court should defer ruling on Whaleco's Motion for Summary Judgment until the parties are able to finish the discovery that is necessary and material to Plaintiff's opposition.

IV.  **ARGUMENT**

In its Motion for Summary Judgment, Whaleco argues it did not engage in direct copyright infringement, and that it is an online service provider subject to the safe harbor provision of the Digital Millennium Copyright Act ("DMCA").[3] 17 U.S.C. § 512(c)(1). Rather than allowing Plaintiff to properly conduct discovery to test its assertions, Whaleco asks that the Court blindly take its word for it, and conclude as a matter of law that Whaleco is an online service provider subject to the DMCA safe harbor. This is an improper use of summary judgment.

### A. The Parties Engaged in Limited Discovery Which Makes the Motion for Summary Judgment Improper.

Rule 56(d) motions "requesting time for additional discovery should be granted 'almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 865 (7th Cir. 2019) (internal citations omitted). Here, Plaintiff has diligently engaged in discovery. Despite Plaintiff's best efforts to obtain the discovery he needs, Defendants have stonewalled. Further, the discovery period is not yet complete; the cutoff to complete discovery is March 29, 2024 (Whaleco filed its Motion for Summary Judgment nearly four months prior, on December 4, 2023). To date, the parties have

---

[3] While Whaleco attempts to independently argue that it is not liable for direct copyright infringement, it merely reiterates that "[a]ctivities by this third-party seller cannot give rise to direct copyright infringement claims against Whaleco as a service provider." *See* Motion for Summary Judgment, 8.

exchanged discovery, consisting of initial disclosures and responses to written discovery. Exhibit A, Austermuehle Decl., ¶ 9. The parties have not even had the opportunity to meaningfully meet and confer regarding deficiencies in Defendants' responses to Plaintiff's written discovery, as Defendants have filed a motion to stay all discovery and effectively refused to engage in discovery while that motion is pending. *Id*, ¶ 10(c). Whaleco's strategy is not difficult to understand; it would like this matter to be resolved without any discovery into the underlying facts or issues. Whaleco filed its Motion for Summary Judgment on the same day it issued its deficient discovery responses to Plaintiff's requests and indicated shortly thereafter that it intended to stay all discovery. As a result, Defendants have not yet produced any documents responsive to Plaintiff's requests, and the parties have not yet conducted any depositions. *Id*, ¶ 9. Whaleco's production of documents and testimony has been limited to the exhibits attached to its Statement of Undisputed Material Facts. [ECF No. 48].

In light of the fact that the only documents produced by Whaleco in this matter were the handful of cherry-picked documents and affidavits used to support Whaleco's Motion for Summary Judgment, it is indisputable that the motion is premature and an improper end-run around the normal litigation process. Plaintiff should be granted additional time to conduct discovery prior to responding to the Motion for Summary Judgment and prior to the Court's ruling on the same.

### B. Plaintiff Requires Additional Discovery Regarding Whaleco's Argument that it is Merely an Online Service Provider.

The DMCA was "enacted both to preserve copyright enforcement on the Internet and to provide immunity to service providers from copyright infringement liability for 'passive,' 'automatic' actions in which a service provider's system engages through a technological process initiated by another without the knowledge of the service provider." *In re Aimster Copyright Litig.*, 252 F. Supp. 2d 634, 656–57 (N.D. Ill. 2002), aff'd, 334 F.3d 643 (7th Cir. 2003) (citing *ALS Scan,*

7

*Inc. v. RemarQ Communities, Inc.,* 239 F.3d 619, 625 (4th Cir.2001) (internal citations omitted). "This immunity is not presumptive, but granted only to 'innocent' service providers who can show that they do not have a defined level of knowledge regarding the infringement on their system." *Id.* "The DMCA's protection of an innocent service provider disappears 'at the moment the service provider loses its innocence, *i.e.* at the moment it becomes aware that a third party is using its system to infringe.'" *Id.* Liability protection under the DMCA is an affirmative defense and, as such, Defendants bear the burden of establishing its applicability. *Id.*

Here, Plaintiff requires additional discovery to ascertain Whaleco's role in the infringing activity. Plaintiff has alleged that Whaleco engages in a role that goes far beyond that of a mere service provider. *See* Plaintiff's Complaint [ECF No. 1], ¶ 27 ("Temu knows that sellers are offering infringing products on the Temu platform, maintains control over the product images that are and can be offered on the platform, fails to actively police the platform for infringing products, and fails to maintain accurate records regarding repeat infringers"), ¶ 28 ("On information and belief, Temu exercises joint or sole discretion over all images that are displayed with product listings on Temu's website and retains and exercises the right to modify those product images."); ¶ 29 ("On information and belief, despite being put on notice that many sellers using the Temu platform actively or are very likely to infringe on third-party intellectual property rights, Temu fails to monitor and investigate these sellers to reliably determine whether they have and continue to infringe."); ¶ 34 ("On information and belief, Temu has earned substantial profits from the sale of the Infringing Products."). In sum, Plaintiff has asserted that Whaleco is a false marketplace that has built a business off selling infringing products. While Whaleco disputes Plaintiff's allegations, Plaintiff is not required to accept Whaleco's untested assertions as true and is entitled to discovery on these issues. The Parties have only exchanged written discovery, and Defendants

have yet to produce a single document. Exhibit A, Austermuehle Decl., ¶ 9. Plaintiff has also not yet had the opportunity to conduct a single deposition.[4]

Moreover, in its Motion for Summary Judgment, Whaleco conceded that "Temu conducts a cursory pre-listing screening of product information that comports with accepted industry standards for operating a safe and legally compliant marketplace." Whaleco's Statement of Undisputed Facts [ECF No. 48], ¶ 16. In other words, Whaleco admits that it views product listings before they go live. *H-D U.S.A., LLC v. SunFrog, LLC*, 282 F. Supp. 3d 1055, 1062 (E.D. Wis. 2017) (holding that while the defendant "might complain that it lacks the practical means to monitor all design creation and printing for infringement, it built and operates both the platform and the production line in which infringement occurs."); *In re Aimster Copyright Litig.*, 334 F.3d 643, 650 (7th Cir. 2003) (holding that "[w]illful blindness is knowledge, in copyright law (where indeed it may be enough that the defendant should have known of the direct infringement . . . .").

Further, Whaleco states that "[o]nce a seller's listing goes 'live,' the seller may send products to be temporarily stored in Temu affiliate Shanghai Yucan Information Technology Co., Ltd.'s ('Yucan') fulfillment warehouses before they are shipped to consumers via third-party delivery providers such as DHL and FedEx." Whaleco's Statement of Undisputed Facts [ECF No. 48], ¶ 13. Thus, even based on the claims made in Whaleco's own facts, it is not *merely* an online service provider. Rather it admits that it conducts fulfillment services and was involved in the shipment of the Infringing Products. *See H-D U.S.A., LLC v. SunFrog, LLC*, 282 F. Supp. 3d 1055, 1061–62 (E.D. Wis. 2017) (holding that a purported online service provider was not automatically

---

[4] In support of its Motion for Summary Judgment, Whaleco relies on the declarations of Jinhao Yu, Director for Seller Development at Temu, and Zhu Ji, Director of Trust and Safety for Temu. Importantly, neither Jinhao Yu nor Zhu Ji were disclosed as witnesses possessing relevant information in Whaleco's Rule 26(a)(1) Initial Disclosures.

subject to safe harbor in the DMCA when it: (1) drags its feet in responding to takedown notices; (2) knows that its users create and sell infringing materials; and (3) receives a direct financial benefit from that activity). Whaleco's own statements indicate that it possesses discoverable information that would shed light on the scope and extent of its role in the sale of the Infringing Products.

Thus, in order to respond to Whaleco's Motion for Summary Judgment, Plaintiff requires additional discovery regarding Whaleco's: (1) involvement in the creation of the Infringing Product listings; (2) vetting process before sellers can sell infringing products; (3) promotion and advertisement of the Infringing Products; (4) role in the manufacturing, shipping, and fulfillment services related to the Infringing Products; (5) financial benefit due to infringing activity; and, (6) general knowledge of the infringing activity on its platform. *Grayson v. O'Neill,* 308 F.3d 808, 815 (7th Cir.2002) ("Summary judgment should not be entered until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion.") (internal quotations omitted).

### C. Plaintiff Requires Additional Discovery Regarding Whaleco's DMCA Compliance.

A threshold determination of an "entity's eligibility for the DMCA's safe harbors is the adoption and reasonable implementation of a policy to disable the access of repeat infringers." *In re Aimster Copyright Litig.*, 252 F. Supp. 2d at 658. "17 U.S.C. § 512(i)(1)(A) states in part that the DMCA's liability limitations shall apply to a service provider only if the provider 'has adopted and reasonably implemented, and informs subscribers and account holders of the service provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers.'" *Id.* Whaleco cannot sidestep the DMCA by merely stating that it has such

a policy. *Id.* Indeed, the "safe-harbor's language does not ask whether a service provider appropriately responded to the particular alleged infringement at issue in the case at hand, but whether a service provider has reasonably implemented its policy generally." *Seide v. Level-(1) Glob. Sols., LLC*, 16 C 2975, 2016 WL 4206076, at *5 (N.D. Ill. Aug. 10, 2016). In order to qualify for the safe harbor, "evidence beyond [defendant's] actions in this particular case is necessary to determine whether [defendant] has reasonably implemented the policy required to qualify for the safe-harbor." *Id.*

Whaleco's Motion for Summary Judgment is premature given that Plaintiff has not yet been allowed to conduct discovery into Whaleco's compliance with the DMCA. Exhibit A, Austermuehle Decl., ¶ 8. In order to respond to Whaleco's argument that it qualifies for the DMCA safe harbor, Plaintiff requires discovery regarding Whaleco's general policy regarding takedowns *and* its implementation of the same. Plaintiff should not be required to simply accept as true Whaleco's assertion that it "removed the product listings from the June 8 DMCA Notice by July 25, 2023—33 business days after the notice." Motion for Summary Judgment, 12. Importantly, Whaleco's Motion for Summary Judgment does not address whether it terminated the merchants selling the Infringing Products. Further, Whaleco's claims regarding the number of takedown notices itself indicate that it is aware that its platform is widely used for the sale of infringing and knockoff products. Thus, Plaintiff should be granted leave to conduct additional discovery regarding Whaleco's DMCA policy, and its attempts to implement such a policy.

### D. This Court has Previously Held that Whaleco Provides Services Beyond that of an Online Service Provider.

Finally, additional discovery would not be futile given that this Court has already found that Whaleco's has participated in infringement beyond the role of an ordinary online service provider. *See Roadget Bus. Pte. Ltd v. PDD Holdings Inc.*, No. 1:22-cv-07119, 2023 WL 4865005,

11

at *9 (N.D. Ill. July 31, 2023) ("The Court finds that Roadget has adduced evidence that Temu . . . exercises more control than similar digital marketplaces over the third-party sellers and products sold on its platforms."). In *Roadget Bus. Pte. Ltd v. PDD Holdings Inc.,* the plaintiff introduced evidence showing that Temu itself holds itself out as responsible for pricing, marketing, logistics, and after-sales for its sellers. *Id.* at 8. Based on the evidence presented by the plaintiff, the Honorable Franklin U. Valderrama, granted the plaintiff's motion for a temporary restraining order against Whaleco and PDD, finding that the plaintiff had established a likelihood of success on the merits that Whaleco and PDD acted as more than a mere marketplace. *Id*. Thus, at the very least, Plaintiff should not be required to take Whaleco's assertions in its Motion for Summary Judgment as true and should be entitled to test Whaleco's claims through targeted discovery. Plaintiff should be allowed to take additional discovery which explores the services provided by Whaleco to its sellers, and its role in the creation, marketing, and distribution of the Infringing Products.

### E. The Discovery Plaintiff Seeks in Support of its Oppostition to Whaleco's Motion for Summary Judgment.

In order to respond to Whaleco's Motion for Summary Judgment, Plaintiff asks that he be allowed to take the following discovery.

First, Plaintiff seeks to depose Jinhao Yu and Zhu Ji, the two Whaleco employees who signed declarations in support of Whaleco's Motion for Summary Judgment. See Austermuehle Decl., ¶ 10. At the very least, Plaintiff should be allowed to test the statements made in those declarations and cross-examine the employees regarding their assertions of purportedly "undisputed" facts.

Second, Plaintiff seeks to depose Whaleco and PDD on topics specifically focused on issues raised by Whaleco's Motion for Summary Judgment. Austermuhle Decl., ¶ 10; Exhibit 1.

Defendants should be required to produce witnesses who can testify competently on these topics prior to the Court's consideration of the issues raised in Whaleco's Motion for Summary Judgment.

Third, upon reviewing the Motion for Summary Judgment, Plaintiff served Whaleco and PDD with supplemental requests for production and interrogatories that are targeted towards the claims raised by Whaleco in its Motion for Summary Judgment. Defendants should be required to fulsomely answer this discovery so that the Court is not deciding Whaleco's Motion for Summary Judgment solely based on the handful of cherry-picked documents Whaleco attached to the motion.

Finally, Plaintiff provided Defendants with a discovery deficiency letter that outlines the various discovery responses that need to be supplemented in order for Plaintiff to respond to Whaleco's Motion for Summary Judgment. The Court should allow the meet and confer process to proceed, with motion practice if required, so that Plaintiff can obtain the discovery he needs.

## V. CONCLUSION

WHEREFORE, in light of the foregoing, Plaintiff Vincent Trinidad respectfully requests that the Court:

(1) enter an Order deferring consideration of Whaleco's Motion for Summary Judgment while allowing Plaintiff to take the targeted discovery;

(2) in the alternative, enter an Order staying briefing on Whaleco's Motion for Summary Judgment pending the outcome of this Rule 56(d) Motion; and,

(3) award any additional relief this Court finds proper and just.

Dated: January 4, 2024                                  Respectfully submitted,

                                                    */s/ Elizabeth Austermuehle*
                                                    Elizabeth Austermuehle
                                                    Vivek Jayaram
                                                    Palak V. Patel
                                                    Jayaram Law
                                                    54 W. 21st St., Suite 801

New York, NY 10010
T: (312) 212-8676
vivek@jayaramlaw.com
liz@jayaramlaw.com
palak@jayaramlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2024, a copy of the foregoing document was served on all counsel of record via the Court's CM/ECF filing system.

/s/ *Elizabeth Austermuehle*
Elizabeth Austermuehle