### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT TRINIDAD, | |
| Plaintiff, | The Hon. Sharon Johnson Coleman |
| v. | Case No. 23-cv-04786 |
| PDD HOLDINGS, INC., a Cayman Islands corporation, WHALECO, INC., a Delaware corporation, and DOES 1-10, | |
| Defendants. | |

### DECLARATION OF ELIZABETH AUSTERMUEHLE IN SUPPORT OF PLAINTIFF VINCENT TRINIDAD'S 56(d) MOTION TO TAKE DISCOVERY NECESSARY TO RESPOND TO DEFENDANT WHALECO, INC.'S MOTION FOR SUMMARY JUDGMENT

I, Elizabeth Austermuehle, submit this declaration in support of Plaintiff Vincent Trinidad's ("Plaintiff") Rule 56(d) Motion to Take Discovery Necessary to Respond to Defendant WhaleCo, Inc's ("Whaleco") Motion for Summary Judgment, hereby swear and state as follows:

1.      I am a Partner at Jayaram PLLC ("Jayaram Law"). Jayaram Law was engaged by and represents Plaintiff in the above-captioned case.

2.      I am of legal age and fully competent to make the following affidavit. I have personal knowledge of the facts set forth in this Affidavit.

3.      Since the entry of a scheduling order, Plaintiff has diligently conducted discovery as follows:

a.      On September 29, 2023, Whaleco served its First Set of Interrogatories, First Set of Requests for Admissions, and First Set of Requests for Production on Plaintiff;[1]

---

[1] PDD has not issued any written discovery to Plaintiff.

b.  On October 26, 2023, Plaintiff served his First Set of Requests for Production to Whaleco and PDD and his First Set of Interrogatories to Whaleco and PDD.

c.  On October 30, 2023, Plaintiff served his Objections and Responses to Whaleco's First Set of Requests for Production, Requests for Admission, and Interrogatories;

d.  On November 10, 2023, Plaintiff and WhaleCo served their Initial Disclosures;[2] and

e.  On December 4, 2023, PDD and Whaleco respectively served their Objections and Responses to each Plaintiff's First Set of Interrogatories and First Set of Requests for Production.

4.  On December 4, 2023, Whaleco filed its Motion for Summary judgment ("Motion for Summary Judgment") seeking a ruling that it not liable for direct copyright infringement since it is merely an online service provider subject to the safe harbor provision of the Digital Millennium Copyright Act ("DMCA").

5.  At this time, Plaintiff cannot present the material facts necessary to resolve this threshold issue, which is essential to Plaintiff's response in opposition to the Motion for Summary Judgment.

6.  In responding to the Motion for Summary Judgment, Plaintiff intends to establish that Whaleco's involvement went beyond that of an online service provider, and that Whaleco has been actively participating in the alleged infringing activities.

7.  Plaintiff requires additional discovery regarding Whaleco's: (1) involvement in the creation of the Infringing Product listings; (2) vetting process before sellers can sell infringing products; (3) promotion and advertisement of the Infringing Products; (4) role in the

---

[2] PDD has not served Initial Disclosures to date.

manufacturing, shipping, and fulfillment services related to the Infringing Products; (5) financial benefit due to infringing activity; and, (6) general knowledge of the infringing activity on its platform.

8.    Further, Plaintiff requires additional discovery regarding Whaleco's policy regarding DMCA notices, and its actual attempts to implement such a policy both generally and with respect to Plaintiff.

9.    The parties have not had an adequate opportunity to finish discovery related to these material issues. The only discovery taken thus far consists of initial disclosures and written, yet deficient, answers to written discovery. The parties have not yet exchanged documents or conducted depositions.

10.    Therefore, Plaintiff has served targeted discovery directed at Defendants, which is aimed to identify necessary details regarding services provided by Whaleco to its sellers, and Whaleco's compliance with the DMCA:

a.    On December 12, 2023, Plaintiff served deposition notices for Jinhao Yu, Zhu Ji, PDD, and Whaleco. Attached as Exhibit 1 are true and correct copies of the deposition notices;

b.    On December 13, 2023, Plaintiff served his Second Set of Requests for Production to Whaleco and PDD and his Second Set of Interrogatories to Whaleco and PDD. Attached as Exhibit 2 are true and correct copies of the supplemental written discovery; and,

c.    On December 13, 2023, Plaintiff issued correspondence regarding the deficiencies in Defendant's responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production. Attached as Exhibit 3 is a true and correct copy of the correspondence. On December 30, 2023, Defendants responded to that correspondence, effectively declining to

participate in discovery pending resolution of their motion to stay. Attached as Exhibit 4 is a true and correct copy of that correspondence.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: January 4, 2024                        /s/ *Elizabeth Austermuehle*
                                              Elizabeth Austermuehle

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| VINCENT TRINIDAD,<br><br>        Plaintiff,<br><br>v.<br><br>PDD HOLDINGS, INC., a Cayman Islands corporation, WHALECO, INC., a Delaware corporation, and DOES 1-10,<br><br>        Defendants. | Case No. 23-cv-04786<br>Honorable Sharon Johnson Coleman |

## PLAINTIFF VINCENT TRINIDAD'S NOTICE OF DEPOSITION TO JINHAO YU

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure as well as the applicable local rules of the Northern District of Illinois, Plaintiff Vincent Trinidad ("Plaintiff") by and through his undersigned counsel, will take the deposition upon oral examination of Jinhao Yu in the above-captioned action[1]. The deposition will take place at 10:00 AM CST on January 12, 2024, before a Notary Public or other person authorized by law to administer oaths. The deposition will be conducted remotely by videoconference on Zoom. Plaintiff will provide access credentials ahead of the deposition. The deposition will be record by stenographic means. This deposition will be taken for the purposes of discovery, use at trial in the above-captioned action, and any other purposes permitted under the Federal Rules of Civil Procedure.

A list of all parties or attorneys upon whom this Notice of Deposition is being served is shown on the accompanying Certificate of Service.

---

[1] [1] This notice is served in connection with Defendant WhaleCo's Motion for Summary. Plaintiff explicitly reserves his right to conduct another deposition of Jinhao Yu in the course of general discovery.

1

Dated: December 12, 2023                    Respectfully submitted,

                                           /s/ *Elizabeth Austermuehle*
                                           Elizabeth Austermuehle
                                           Vivek Jayaram
                                           Palak V. Patel
                                           JAYARAM PLLC
                                           54 W. 21st Street
                                           Suite 801
                                           New York, NY 10010
                                           312-212-8676
                                           liz@jayaramlaw.com
                                           vivek@jayaramlaw.com
                                           palak@jayaramlaw.com

                                           *Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 12, 2023, I served a copy of the foregoing document on

the following counsel of record via email:

Garrett A. Leach
Sarah M. Craig
Xaviere Giroud
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Garrett.leach@kirkland.com
Sarah.craig@kirkland.com
Xaviere.giroud@kirkland.com

Brian A. Verbus
Kirkland & Ellis LLP
320 West Illinois Street
Suite 1711
Chicago, IL 60654
Brian.verbus@kirkland.com

Thomas Cull
White & Case
111 South Wacker Street
Suite 5100
Thomas.cull@whitecase.com

Dianne M. Kim
Wilson Sonsini Goodrich & Rosati
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Dianne.kim@wsgr.com

Lisa D. Zang
Russell Luke Kostelak
Victor Jih
Wilson Sonsini Goodrich & Rosait
1900 Avenue of the Stars
28th Floor
Century City, CA 90067
lzang@wsgr.com
rkostelak@wsgr.com
vjih@wsgr.com

Shanna Ariel Lehrman
Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue
Suite 5100
Seattle, WA 98104
slehrman@wsgr.com

Steven P. Mandell
Mandell Menkes LLC
333 West Wacker Drive
Suite 450
Chicago, IL 60606
smandell@mandellmenkes.com

/s/ *Elizabeth Austermuehle*
　　　Elizabeth Austermuehle

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| VINCENT TRINIDAD,<br><br>        Plaintiff,<br><br>v.<br><br>PDD HOLDINGS, INC., a Cayman Islands corporation, WHALECO, INC., a Delaware corporation, and DOES 1-10,<br><br>        Defendants. | Case No. 23-cv-04786<br>Honorable Sharon Johnson Coleman |

**PLAINTIFF VINCENT TRINIDAD'S NOTICE OF RULE 30(b)(6)
DEPOSITION OF PDD HOLDINGS, INC.**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Vincent Trinidad ("Plaintiff") by and through his undersigned counsel, will take the deposition upon oral examination of the person(s) designated by Defendant PDD Holdings, Inc., ("Defendant") with respect to the topics set forth in the attached Schedule A.[1] The deposition will take place at 10:00 AM CST on January 19, 2024, before a Notary Public or other person authorized by law to administer oaths. The deposition will be conducted remotely by videoconference on Zoom. Plaintiff will provide access credentials ahead of the deposition. The deposition will be recorded by stenographic means. Defendant shall provide Plaintiff's counsel with written notice before the date of the deposition of the name(s) and title(s) of the designee(s) who will testify on Defendant's behalf and shall identify the matters to which each designee will testify. Plaintiff reserves the right to seek relief from the Court in the event that the designated deponent is not properly prepared to testify on behalf of Defendant with respect to each of the identified topics.

---

[1] This notice is served in connection with Defendant WhaleCo's Motion for Summary. Plaintiff explicitly reserves his right to conduct another deposition of PDD in the course of general discovery.

1

Dated: December 12, 2023          Respectfully submitted,

/s/ *Elizabeth Austermuehle*
Elizabeth Austermuehle
Vivek Jayaram
Palak V. Patel
JAYARAM PLLC
54 W. 21st Street
Suite 801
New York, NY 10010
312-212-8676
liz@jayaramlaw.com
vivek@jayaramlaw.com
palak@jayaramlaw.com

*Counsel for Plaintiff*

## <u>SCHEDULE A</u>
### <u>DEFINITIONS</u>

1.  "PDD Holdings" "you," or "your," means Defendant PDD Holdings, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period.

2.  "Trinidad" or "Plaintiff" means Plaintiff Vincent Trinidad, his affiliates, parents, any partnership, or joint venture to which he may be a party, and each of his employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period.

3.  "WhaleCo" means Defendant WhaleCo, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership, or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period.

4.  "Temu" means and refers to "www.Temu.com."

5.  "Lawsuit" means the lawsuit captioned Trinidad v. PDD Holdings, Inc., et al., 23-CV-04786 pending in the United States District Court for the Northern District of Illinois.

6.  "Complaint" means the complaint filed by Vincent Trinidad against PDD Holdings, Inc., and WhaleCo, Inc., on or about July 24, 2023 (D.E. 1).

7.  "The Work" has the meaning set forth in paragraph 25 of the Complaint.

8.  "The Infringing Products" has the meaning set forth in paragraph 32 of the Complaint.

9.      "SHEIN X" has the meaning set forth in paragraph 24 of the Complaint.

10.      "Communication" means the transmission of information in any form, including, without limitation, written, oral, or electronic transmissions.

11.      "Concern" or "Concerning" means consisting of, referring to, relating to, reflecting, or being in any way logically or factually connected with the matter discussed.

12.      "Including" means including, but not limited to.

13.      "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

14.      The term "document(s)" is used in its customary broad sense and includes, but is not limited to, any kind of written, typewritten, printed, reproduced, recorded or stored material whatsoever, whether printed, recorded or stored electronically, magnetically or otherwise, or reproduced by hand, including, but without limitation, emails, text messages, instant messages, photographs, images, notes, memoranda, letters, reports, telegrams, telex communications, publications, contracts, recordings, transcriptions of recordings and business records, books of accounts, ledgers, balance sheets, financial statements and all other financial documents of any kind, diaries, telephone logs, telephone bills, appointment books, desk calendars, drafts, working papers, routing slips and similar materials, and shall include, without limitation, originals, file copies, and all non-identical duplicates, no matter how produced, prepared, stored, recorded, or reproduced.

15.      The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the topic all responses that might otherwise fall outside the scope of the topic.

16.      The terms "all," "any," or "each" encompass any and all of the matter discussed.

17.    The use of singular form includes plural and vice versa.

18.    The use of present tense includes past tense and vice versa.

**TOPICS**

1.    The facts and circumstances surrounding PDD's role in the operation and/or control of Temu.

2.    The facts and circumstances surrounding PDD's role in the operation and/or control of WhaleCo.

3.    The facts and circumstances surrounding PDD's involvement in the design of the Infringing Product.

4.    The facts and circumstances surrounding PDD's role in the display of the Infringing Product on Temu's website or mobile application.

5.    The details of any contracts or agreements with WhaleCo regarding the operation of Temu.

6.    The details of any contracts or agreements with persons selling the Infringing Product on Temu's website or mobile application.

7.    The facts and circumstances surrounding any shipping or fulfillment services offered by PDD in relation to WhaleCo and/or Temu.

8.    The facts and circumstances surrounding PDD's involvement in WhaleCo's policies and procedures regarding the protection of third party intellectual property rights.

9.    The facts and circumstances surrounding PDD's involvement in the advertising, marketing, and/or promotion of the Infringing Products.

10.    The facts and circumstances surrounding PDD's involvement in the production and/or importation to the United States of the Infringing Products.

11.    The facts and circumstances surrounding your relationship with WhaleCo, including the extent to which you and WhaleCo share operations.

12.    The facts and circumstances surrounding PDD's policy of protecting third-party intellectual property rights on Temu's website or mobile application.

13.    The facts and circumstances surrounding any subsidiaries or affiliates of PDD offering products for sale on the Temu website or mobile application.

14.    The facts and circumstances surrounding Temu's "global network of suppliers and logistics partners to create and curate quality products for consumers [,]" including PDD's "network of sourcing, logistics, and fulfillment capabilities [,]" as stated on Temu's website.

15.    The facts and circumstances surrounding PDD's policies regarding the selection or approval of third-party sellers on the Temu platform.

16.    The facts and circumstances surrounding PDD's policies and/or directions to third-party sellers regarding the prices at which products are sold and product quality.

17.    The facts and circumstances surrounding PDD's policies and/or directions to third-party sellers regarding the return of products and refunds in connection with the same.

18.    Details regarding the investigative methods and amount of time PDD takes to remove works infringing listings on Temu.

19.    The facts and circumstances regarding PDD's financial interest in the sale of the Infringing Products.

20.    The facts and circumstances surrounding PDD's approval of images or products prior to their sale on Temu.

21.    The facts and circumstances surrounding PDD's involvement in setting the price of the Infringing Products.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 12, 2023, I served a copy of the foregoing document on

the following counsel of record via email:

Garrett A. Leach
Sarah M. Craig
Xaviere Giroud
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Garrett.leach@kirkland.com
Sarah.craig@kirkland.com
Xaviere.giroud@kirkland.com

Brian A. Verbus
Kirkland & Ellis LLP
320 West Illinois Street
Suite 1711
Chicago, IL 60654
Brian.verbus@kirkland.com

Thomas Cull
White & Case
111 South Wacker Street
Suite 5100
Thomas.cull@whitecase.com

Dianne M. Kim
Wilson Sonsini Goodrich & Rosati
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Dianne.kim@wsgr.com

Lisa D. Zang
Russell Luke Kostelak
Victor Jih
Wilson Sonsini Goodrich & Rosait
1900 Avenue of the Stars
28th Floor
Century City, CA 90067
lzang@wsgr.com
rkostelak@wsgr.com
vjih@wsgr.com

Shanna Ariel Lehrman
Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue
Suite 5100
Seattle, WA 98104
slehrman@wsgr.com

Steven P. Mandell
Mandell Menkes LLC
333 West Wacker Drive
Suite 450
Chicago, IL 60606
smandell@mandellmenkes.com

/s/ *Elizabeth Austermuehle*
Elizabeth Austermuehle

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| VINCENT TRINIDAD, | |
| Plaintiff, | |
| v. | Case No. 23-cv-04786 |
| | Honorable Sharon Johnson Coleman |
| PDD HOLDINGS, INC., a Cayman Islands corporation, WHALECO, INC., a Delaware corporation, and DOES 1-10, | |
| Defendants. | |

**PLAINTIFF VINCENT TRINIDAD'S NOTICE OF RULE 30(b)(6)
DEPOSITION OF WHALECO, INC.**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Vincent Trinidad ("Plaintiff") by and through his undersigned counsel, will take the deposition upon oral examination of the person(s) designated by Defendant WhaleCo, Inc., ("Defendant") with respect to the topics set forth in the attached Schedule A.[1] The deposition will take place at 10:00 AM CST on January 18, 2024, before a Notary Public or other person authorized by law to administer oaths. The deposition will be conducted remotely by videoconference on Zoom. Plaintiff will provide access credentials ahead of the deposition. The deposition will be recorded by stenographic means. Defendant shall provide Plaintiff's counsel with written notice before the date of the deposition of the name(s) and title(s) of the designee(s) who will testify on Defendant's behalf and shall identify the matters to which each designee will testify. Plaintiff reserves the right to seek relief from the Court in the event that the designated deponent is not properly prepared to testify on behalf of Defendant with respect to each of the identified topics.

---

[1] This notice is served in connection with Defendant WhaleCo's Motion for Summary. Plaintiff explicitly reserves his right to conduct another deposition of WhaleCo in the course of general discovery.

1

Dated: December 12, 2023     Respectfully submitted,

/s/ *Elizabeth Austermuehle*
Elizabeth Austermuehle
Vivek Jayaram
Palak V. Patel
JAYARAM PLLC
54 W. 21st Street
Suite 801
New York, NY 10010
312-212-8676
vivek@jayaramlaw.com
liz@jayaramlaw.com
palak@jayaramlaw.com

*Counsel for Plaintiff*

**<u>SCHEDULE A</u>**
**DEFINITIONS**

1.      "WhaleCo" "you," or "your," means Defendant WhaleCo, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership, or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period.

2.      "Trinidad" or "Plaintiff" means Plaintiff Vincent Trinidad, his affiliates, parents, any partnership, or joint venture to which he may be a party, and each of his employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period.

3.      "PDD Holdings" means Defendant PDD Holdings, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership, or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period.

4.      "Temu" means and refers to "www.Temu.Com."

5.      "Lawsuit" means the lawsuit captioned Trinidad v. PDD Holdings, Inc., et al., 23-CV-04786 pending in the United States District Court for the Northern District of Illinois.

6.       "Complaint" means the complaint filed by Vincent Trinidad against PDD Holdings, Inc., and WhaleCo, Inc., on or about July 24, 2023 (D.E. 1).

7.      "The Work" has the meaning set forth in paragraph 25 of the Complaint.

8. "The Infringing Products" has the meaning set forth in paragraph 32 of the Complaint.

9. "SHEIN X" has the meaning set forth in paragraph 24 of the Complaint.

10. "Communication" means the transmission of information in any form, including, without limitation, written, oral, or electronic transmissions.

11. "Concern" or "Concerning" means consisting of, referring to, relating to, reflecting, or being in any way logically or factually connected with the matter discussed.

12. "Including" means including, but not limited to.

13. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

14. The term "document(s)" is used in its customary broad sense and includes, but is not limited to, any kind of written, typewritten, printed, reproduced, recorded or stored material whatsoever, whether printed, recorded or stored electronically, magnetically or otherwise, or reproduced by hand, including, but without limitation, emails, text messages, instant messages, photographs, images, notes, memoranda, letters, reports, telegrams, telex communications, publications, contracts, recordings, transcriptions of recordings and business records, books of accounts, ledgers, balance sheets, financial statements and all other financial documents of any kind, diaries, telephone logs, telephone bills, appointment books, desk calendars, drafts, working papers, routing slips and similar materials, and shall include, without limitation, originals, file copies, and all non-identical duplicates, no matter how produced, prepared, stored, recorded, or reproduced.

15.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the topic all responses that might otherwise fall outside the scope of the topic.

16.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

17.     The use of singular form includes plural and vice versa.

18.     The use of present tense includes past tense and vice versa.

## TOPICS

1.     The facts and circumstances surrounding WhaleCo's involvement in the design of the Infringing Product.

2.     The facts and circumstances surrounding the display of the Infringing Product on Temu's website or mobile application.

3.     The facts and circumstances surrounding the Infringing Product being offered for sale, sold, or displayed on Temu's website or mobile application, including each time period during which the product has been offered or sale, sold, or displayed.

4.     The identity of each person who has offered for sale, sold, or displayed an Infringing Product on Temu's website or mobile application.

5.     Any contracts or agreements with persons selling the Infringing Product on Temu's website or mobile application.

6.     The details regarding the upload of images of the Infringing Product to Temu's website or mobile application.

7.     The facts and circumstances surrounding the Temu Platform Seller Service Agreement.

8.     The facts and circumstances of the fulfillment services offered by WhaleCo.

9.     The facts and circumstances regarding all sales, offers for sale, and displays of the Infringing Products on Temu's website or mobile application from January 1, 2022, to the present.

10.     Each instance of advertising, marketing, and/or promotion of an Infringing Product employed by WhaleCo.

11.     The facts and circumstances surrounding the production and/or importation of the Infringing Products.

12.     The details surrounding your relationship with PDD, including the extent to which you and PDD share operations.

13.     The facts and circumstances surrounding the DMCA notice sent to you on or about June 8, 2023 ("DMCA Notice").

14.     The facts and circumstances surrounding Your compliance with the DMCA Notice.

15.     The facts and circumstances surrounding your investigation of the Infringing Product on Temu's website or mobile application.

16.     The facts and circumstances surrounding your assertion that the DMCA Notice was not proper.

17.     The facts and circumstances surrounding your assertion that WhaleCo is subject to the DMCA safe harbor defense.

18.     The facts and circumstances surrounding WhaleCo's efforts to identify and remove infringing products on Temu's website and application.

19.     The details around WhaleCo's policy of protecting third-party intellectual property rights on Temu's website or mobile application.

20.     The details surrounding WhaleCo's designation and publication of its DMCA agent.

21.     The facts and circumstances surrounding any subsidiaries or affiliates of WhaleCo who offer products for sale on the Temu website and/or mobile application.

22.     The facts and circumstances surrounding Temu's "global network of suppliers and logistics partners to create and curate quality products for consumers [,]" including PDD's "network of sourcing, logistics, and fulfillment capabilities [,]" as stated on Temu's website.

23.     The facts and circumstances surrounding WhaleCo's policies regarding the selection or approval of third-party sellers on the Temu platform.

24.     The facts and circumstances surrounding WhaleCo's policies and procedures for clearing images that appear on items.

25.     The facts and circumstances surrounding WhaleCo's policies and procedures for ensuring its products do not infringe on third-party intellectual property.

26.     The facts and circumstances surrounding WhaleCo's policies and/or directions to third-party sellers regarding the prices at which products are sold and product quality.

27.     The facts and circumstances surrounding WhaleCo's policies and/or directions to third-party sellers regarding the return of products and refunds in connection with the same.

28.     Details regarding the investigative methods and amount of time WhaleCo takes to remove works infringing listings on Temu.

29.     The facts and circumstances regarding WhaleCo's financial interest in the sale of the Infringing Products.

30.     The facts and circumstances surrounding WhaleCo's approval of images or products prior to their sale on Temu.

31.     The facts and circumstances surrounding WhaleCo's involvement in setting the price of the Infringing Products.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 12, 2023, I served a copy of the foregoing document

on the following counsel of record via email:

Garrett A. Leach
Sarah M. Craig
Xaviere Giroud
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Garrett.leach@kirkland.com
Sarah.craig@kirkland.com
Xaviere.giroud@kirkland.com

Brian A. Verbus
Kirkland & Ellis LLP
320 West Illinois Street
Suite 1711
Chicago, IL 60654
Brian.verbus@kirkland.com

Thomas Cull
White & Case
111 South Wacker Street
Suite 5100
Thomas.cull@whitecase.com

Dianne M. Kim
Wilson Sonsini Goodrich & Rosati
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Dianne.kim@wsgr.com

Lisa D. Zang
Russell Luke Kostelak
Victor Jih
Wilson Sonsini Goodrich & Rosait
1900 Avenue of the Stars
28th Floor
Century City, CA 90067
lzang@wsgr.com
rkostelak@wsgr.com
vjih@wsgr.com

Shanna Ariel Lehrman
Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue
Suite 5100
Seattle, WA 98104
slehrman@wsgr.com

Steven P. Mandell
Mandell Menkes LLC
333 West Wacker Drive
Suite 450
Chicago, IL 60606
smandell@mandellmenkes.com

/s/ *Elizabeth Austermuehle*
Elizabeth Austermuehle

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| VINCENT TRINIDAD, | |
| Plaintiff, | |
| v. | Case No. 23-cv-04786 |
| | Honorable Sharon Johnson Coleman |
| PDD HOLDINGS, INC., a Cayman Islands corporation, WHALECO, INC., a Delaware corporation, and DOES 1-10, | |
| Defendants. | |

**PLAINTIFF VINCENT TRINIDAD'S NOTICE OF DEPOSITION TO ZHU JI**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure as well as the applicable local rules of the Northern District of Illinois, Plaintiff Vincent Trinidad ("Plaintiff") by and through his undersigned counsel, will take the deposition upon oral examination of Zhu Ji in the above-captioned action[1]. The deposition will take place at 10:00 AM CST on January 11, 2024 before a Notary Public or other person authorized by law to administer oaths. The deposition will be conducted remotely by videoconference on Zoom. Plaintiff will provide access credentials ahead of the deposition. The deposition will be record by stenographic means. This deposition will be taken for the purposes of discovery, use at trial in the above-captioned action, and any other purposes permitted under the Federal Rules of Civil Procedure.

A list of all parties or attorneys upon whom this Notice of Deposition is being served is shown on the accompanying Certificate of Service.

Dated: December 12, 2023          Respectfully submitted,

                                       */s/ Elizabeth Austermuehle*

---

[1] [1] This notice is served in connection with Defendant WhaleCo's Motion for Summary. Plaintiff explicitly reserves his right to conduct another deposition of Zhu Ji in the course of general discovery.

Elizabeth Austermuehle
Vivek Jayaram
Palak V. Patel
JAYARAM PLLC
54 W. 21st Street
Suite 801
New York, NY 10010
312-212-8676
liz@jayaramlaw.com
vivek@jayaramlaw.com
palak@jayaramlaw.com

*Counsel for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 12, 2023, I served a copy of the foregoing document on

the following counsel of record via email:

Garrett A. Leach
Sarah M. Craig
Xaviere Giroud
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Garrett.leach@kirkland.com
Sarah.craig@kirkland.com
Xaviere.giroud@kirkland.com

Brian A. Verbus
Kirkland & Ellis LLP
320 West Illinois Street
Suite 1711
Chicago, IL 60654
Brian.verbus@kirkland.com

Thomas Cull
White & Case
111 South Wacker Street
Suite 5100
Thomas.cull@whitecase.com

Dianne M. Kim
Wilson Sonsini Goodrich & Rosati
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Dianne.kim@wsgr.com

Lisa D. Zang
Russell Luke Kostelak
Victor Jih
Wilson Sonsini Goodrich & Rosait
1900 Avenue of the Stars
28th Floor
Century City, CA 90067
lzang@wsgr.com
rkostelak@wsgr.com
vjih@wsgr.com

Shanna Ariel Lehrman
Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue
Suite 5100
Seattle, WA 98104
slehrman@wsgr.com

Steven P. Mandell
Mandell Menkes LLC
333 West Wacker Drive
Suite 450
Chicago, IL 60606
smandell@mandellmenkes.com

/s/ *Elizabeth Austermuehle*
Elizabeth Austermuehle

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

VINCENT TRINIDAD,

                Plaintiff,

v.

PDD HOLDINGS, INC., a Cayman Islands
corporation, WHALECO, INC., a Delaware
corporation, and DOES 1-10,

                Defendants.

The Hon. LaShonda A. Hunt

Case No. 23-cv-04786

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**
**TO DEFENDANT PDD HOLDINGS, INC.**

Plaintiff Vincent Trinidad ("Plaintiff"), by and through his undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 34, requests production of the following designated documents and things (the "Requests") within the possession, custody, or control of Defendant PDD Holdings, Inc. ("Defendant") within 30 days of service of the Requests.

Except as the context may otherwise require, the following definitions and instructions shall apply to these Requests:

**DEFINITIONS AND INSTRUCTIONS**

Terms and phrases should be construed in their broadest reasonable interpretation and should be reasonably understood in the context in which they are used. For additional clarity, certain terms should mean as follows:

1.      "Document(s)" means all materials within the scope of Federal Rule of Civil Procedure 34, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (ESI), that are stored in any medium whatsoever from which information can be

obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, pay stubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video and audio recordings (including recordings of conference calls or videoconferences), social media or other online content, computer programs, data generated and stored by devices connected to the Internet of Things (IoT), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a Document is a separate Document within the meaning of the term "Document." A Document includes all appendices, schedules, exhibits, and other attachments. The term "Document" refers to any Document now or at any time in your possession, custody, or control. A Person is deemed in control of a Document if the Person has any ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Person or public or private entity having physical possession thereof.

2.      "Communication" is intended to be comprehensive and means and includes without limitation, any face-to-face conversation, meeting, conference, telephone conversations, telephone conference, or communication by the use of any medium, as well as any written, taped, computerized, or recorded conversation or communication of any kind whatsoever, including facsimile and telex transmissions and electronic mail.

3.      "Plaintiff" means Plaintiff Vincent Trinidad and any present and former agents, servants, employees, consultants, representatives, attorneys, accountants, or other Persons acting on his behalf.

4.      "Defendant," "you," and "yours" mean Defendant PDD Holdings, Inc.; Defendant's corporate parents, affiliates, subsidiaries, divisions, predecessor and successor companies, and any corporations or entities controlling them or under their control; any partnership or joint venture to which Defendant is a party; and Defendant's present and former officers, directors, agents, servants, employees, consultants, representatives, attorneys, accountants, or other Persons acting on its behalf.

5.      "WhaleCo" means WhaleCo, Inc.; WhaleCo's corporate parents, affiliates, subsidiaries, divisions, predecessor and successor companies, and any corporations or entities controlling them or under their control; any partnership or joint venture to which WhaleCo is a party; and WhaleCo's present and former officers, directors, agents, servants, employees, consultants, representatives, attorneys, accountants, or other Persons acting on its behalf.

6.      "Temu" refers to the online marketplace operated by Defendant and/or WhaleCo.

7.      "Lawsuit" means the lawsuit captioned *Vincent Trinidad v. PDD Holdings, Inc., et al.*, Civil Action No. 23-cv-04786 pending in the United States District Court for the Northern District of Illinois.

8.      "Complaint" means the Complaint filed by Plaintiff Vincent Trinidad against Defendants PDD Holdings, Inc. and Whaleco, Inc. in this Lawsuit on or about July 24, 2023 (ECF No. 1).

9.      "Ji Declaration" means the Declaration of Zhu (Zoe) Ji filed in the Lawsuit (ECF No. 54-1)

10.      "Yu Declaration" means the Declaration of Jinhao Yu filed in the Lawsuit (ECF No. 54-2).

11. The term "Works" means Plaintiff's works entitled "Cantana", "Catsune", and "Neko Shogun" registered with the Unites States Copyright Office with Registration Numbers VA 2-340-732, VA 2-340-733, and VA 2-340-734, respectively. *See* Compl. ¶¶ 3, 4, 25.

12. The term "Infringing Products" means the products with graphics identical to the Works sold on Temu's website and mobile application, including, but not limited to, the t-shirts, sweatshirts, jackets, and pants featuring the Works depicted in the Complaint at paragraphs 5 and 33. *See* Compl. ¶¶ 5, 32, 33.

13. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

14. "Identify" with respect to a Person who is an individual means to state the Person's full name, present or last known address, and current or last known place of employment.

15. "Identify" with respect to a Person that is an entity means to state its: full name, legal form, date of organization, state of incorporation or organization or other business or license authority, present or last known address and telephone number, and the identity of its chief executive officer, partners, or Persons in equivalent positions.

16. "Identify" with respect to Communications means to give, to the extent known, (a) a description of the substance of the Communication; (b) the form of the Communication (*e.g.*, telephone, facsimile, e-mail, etc.); (c) the identity of each Person that was a party to and/or present at the time of the Communication, as well as the full name, present or last known address, and the current or last known place of employment of each Person; (d) the Identity of the Person whom you contend initiated the Communication; and (e) the time, date, and place of the Communication.

17.     The term "relating to" means concerning, regarding, referring to, describing, evidencing, constituting, consisting of, reflecting, or being in any way logically or factually connected with the matter discussed.

18.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

19.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope.

20.     The singular of any word is intended to include the plural and vice versa.

21.     The use of present tense includes past tense, and vice versa.

22.     If you object to any Request, in whole or in part, on the grounds of privilege or other protection from discovery, provide all information required by Federal Rule of Civil Procedure 26(b)(5).

23.     For the convenience of the Court and the parties, each Request should be quoted in full immediately preceding the response.

24.     These Requests are continuing in nature. If you receive or otherwise become aware of Documents responsive to any Request after you have served your production to these Requests, you must promptly supplement your production to these Requests to provide such Documents, as required by Federal Rule of Civil Procedure 26(e).

25.     Unless otherwise indicated herein, the time frame for each of these Requests is January 1, 2019 to the present.

## **REQUESTS FOR PRODUCTION**

**DOCUMENT REQUEST NO. 52:** All documents relating to Temu's "product posting process" for sellers (*see* Yu Decl. ¶ 9), including (a) the information, images, and other content that sellers

must provide during the process, (b) the extent to which Temu controls, provides instructions for, or provides recommendations for that process; and (c) the extent to which Temu uploads, approves, or clears the information, images, or other content provided during that process.

**DOCUMENT REQUEST NO. 53:** All documents relating to Temu's policies and procedures for conducting a "cursory pre-listing screening" of product information on its platform, including its "flagging" of products as infringing during that screening. *See id.* ¶¶ 12-13.

**DOCUMENT REQUEST NO. 54:** All documents relating to Temu's policies and procedures for sellers to "push" a listing "live" on Temu's platform (*see id.* ¶ 14), including the extent to which Temu (a) has control over, instructions for, or recommendations for that process and (b) approves or clears that process.

**DOCUMENT REQUEST NO. 55:** All documents relating to Temu's policies and procedures for sellers to update the levels of product inventory on Temu's platform (*see id.* ¶ 14), including the extent to which Temu (a) has control over, instructions for, or recommendations for that process and (b) approves or clears that process.

**DOCUMENT REQUEST NO. 56:** All documents relating to Temu's policies and procedures for sellers to send products to be temporarily stored in fulfillment warehouses before shipment to consumers (*see id.* ¶ 14), including the extent to which Temu (a) has control over, instructions for, or recommendations for that process and (b) approves or clears that process.

**DOCUMENT REQUEST NO. 57:** All documents relating to the "marketplace services" that Temu provides sellers on its platform (*see id.* ¶ 15), including any manufacturing, production, sourcing, logistics, shipping, or fulfillment services Temu provides such sellers.

**DOCUMENT REQUEST NO. 58:** All documents relating to Temu's policies and procedures for indicating price ranges to sellers on its platform (*see id.* ¶ 15), including the extent to which Temu (a) has control over, instructions for, or recommendations for sellers to set prices and (b) approves or clears sellers' prices for their products.

**DOCUMENT REQUEST NO. 59:** All documents relating to Temu's policies and procedures for managing and processing returns of products sold on its platform (*see id.* ¶ 17), including the extent to which Temu (a) has control over, instructions for, or recommendations for sellers to manage and process such returns and (b) approves or clears such returns.

**DOCUMENT REQUEST NO. 60:** All documents relating to Temu's policies and procedures for protecting third-party intellectual property rights (*see* Ji Decl. ¶ 4) and ensuring that products listed on its platform do not infringe on such rights.

**DOCUMENT REQUEST NO. 61:** All documents relating to Temu's policies and procedures for preventing sellers on its platform from re-registering if they were previously banned for copyright infringement. *See id.* ¶ 5.

**DOCUMENT REQUEST NO. 62:** All documents relating to Temu's policies and procedures for terminating users of its platform who infringe repeatedly. *See id.* ¶ 5.

**DOCUMENT REQUEST NO. 63:** All documents relating to Temu's designation and listing of an agent to receive DMCA notices. *See id.* ¶ 6.

**DOCUMENT REQUEST NO. 64:** All documents relating to Temu's policies and procedures for selecting or approving third-party sellers on its platform.

**DOCUMENT REQUEST NO. 65:** All documents relating to any subsidiaries or affiliates of WhaleCo or PDD offering products for sale on Temu's platform.

Dated: December 13, 2023          Respectfully submitted,

*/s/ Elizabeth Austermuehle*
Vivek Jayaram
Elizabeth Austermuehle
Palak V. Patel
Jayaram Law
54 W. 21st St., Suite 801
New York, NY 10010
T: (312) 212-8676
vivek@jayaramlaw.com
liz@jayaramlaw.com
palak@jayaramlaw.com

*Counsel for Plaintiff*

8

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 13, 2023, I served a copy of the foregoing document on

the following counsel of record via email:

Garrett A. Leach
Sarah M. Craig
Xaviere Giroud
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Garrett.leach@kirkland.com
Sarah.craig@kirkland.com
Xaviere.giroud@kirkland.com

Brian A. Verbus
Kirkland & Ellis LLP
320 West Illinois Street
Suite 1711
Chicago, IL 60654
Brian.verbus@kirkland.com

Thomas Cull
Anna Naydonov
White & Case
111 South Wacker Street
Suite 5100
Thomas.cull@whitecase.com
anna.naydonov@whitecase.com

Dianne M. Kim
Wilson Sonsini Goodrich & Rosati
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Dianne.kim@wsgr.com

Lisa D. Zang
Russell Luke Kostelak
Victor Jih
Wilson Sonsini Goodrich & Rosait
1900 Avenue of the Stars
28th Floor
Century City, CA 90067
lzang@wsgr.com

rkostelak@wsgr.com
vjih@wsgr.com

Shanna Ariel Lehrman
Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue
Suite 5100
Seattle, WA 98104
slehrman@wsgr.com

Steven P. Mandell
Mandell Menkes LLC
333 West Wacker Drive
Suite 450
Chicago, IL 60606
smandell@mandellmenkes.com


/s/ *Elizabeth Austermuehle*
Elizabeth Austermuehle

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

VINCENT TRINIDAD,

          Plaintiff,

v.

PDD HOLDINGS, INC., a Cayman Islands
corporation, WHALECO, INC., a Delaware
corporation, and DOES 1-10,

          Defendants.

The Hon. LaShonda A. Hunt

Case No. 23-cv-04786

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**
**TO DEFENDANT WHALECO, INC.**

Plaintiff Vincent Trinidad ("Plaintiff"), by and through his undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 34, requests production of the following designated documents and things (the "Requests") within the possession, custody, or control of Defendant WhaleCo, Inc. ("Defendant") within 30 days of service of the Requests.

Except as the context may otherwise require, the following definitions and instructions shall apply to these Requests:

**DEFINITIONS AND INSTRUCTIONS**

Terms and phrases should be construed in their broadest reasonable interpretation and should be reasonably understood in the context in which they are used. For additional clarity, certain terms should mean as follows:

1.    "Document(s)" means all materials within the scope of Federal Rule of Civil Procedure 34, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (ESI), that are stored in any medium whatsoever from which information can be

1

obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, pay stubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video and audio recordings (including recordings of conference calls or videoconferences), social media or other online content, computer programs, data generated and stored by devices connected to the Internet of Things (IoT), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a Document is a separate Document within the meaning of the term "Document." A Document includes all appendices, schedules, exhibits, and other attachments. The term "Document" refers to any Document now or at any time in your possession, custody, or control. A Person is deemed in control of a Document if the Person has any ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Person or public or private entity having physical possession thereof.

2.      "Communication" is intended to be comprehensive and means and includes without limitation, any face-to-face conversation, meeting, conference, telephone conversations, telephone conference, or communication by the use of any medium, as well as any written, taped, computerized, or recorded conversation or communication of any kind whatsoever, including facsimile and telex transmissions and electronic mail.

3.      "Plaintiff" means Plaintiff Vincent Trinidad and any present and former agents, servants, employees, consultants, representatives, attorneys, accountants, or other Persons acting on his behalf.

4.      "Defendant," "you," and "yours" mean Defendant WhaleCo, Inc.; Defendant's corporate parents, affiliates, subsidiaries, divisions, predecessor and successor companies, and any corporations or entities controlling them or under their control; any partnership or joint venture to which Defendant is a party; and Defendant's present and former officers, directors, agents, servants, employees, consultants, representatives, attorneys, accountants, or other Persons acting on its behalf.

5.      "PDD" means PDD Holdings, Inc.; PDD's corporate parents, affiliates, subsidiaries, divisions, predecessor and successor companies, and any corporations or entities controlling them or under their control; any partnership or joint venture to which PDD is a party; and PDD's present and former officers, directors, agents, servants, employees, consultants, representatives, attorneys, accountants, or other Persons acting on its behalf.

6.      "Temu" refers to the online marketplace operated by Defendant and/or PDD.

7.      "Lawsuit" means the lawsuit captioned *Vincent Trinidad v. PDD Holdings, Inc., et al.*, Civil Action No. 23-cv-04786 pending in the United States District Court for the Northern District of Illinois.

8.      "Complaint" means the Complaint filed by Plaintiff Vincent Trinidad against Defendants PDD Holdings, Inc. and Whaleco, Inc. in this Lawsuit on or about July 24, 2023 (ECF No. 1).

9.      "Ji Declaration" means the Declaration of Zhu (Zoe) Ji filed in the Lawsuit (ECF No. 54-1).

10.      "Yu Declaration" mans the Declaration of Jinhao Yu filed in the Lawsuit (ECF No. 54-2).

11. The term "Works" means Plaintiff's works entitled "Cantana", "Catsune", and "Neko Shogun" registered with the Unites States Copyright Office with Registration Numbers VA 2-340-732, VA 2-340-733, and VA 2-340-734, respectively. *See* Compl. ¶¶ 3, 4, 25.

12. The term "Infringing Products" means the products with graphics identical to the Works sold on Temu's website and mobile application, including, but not limited to, the t-shirts, sweatshirts, jackets, and pants featuring the Works depicted in the Complaint at paragraphs 5 and 33. *See* Compl. ¶¶ 5, 32, 33.

13. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

14. "Identify" with respect to a Person who is an individual means to state the Person's full name, present or last known address, and current or last known place of employment.

15. "Identify" with respect to a Person that is an entity means to state its: full name, legal form, date of organization, state of incorporation or organization or other business or license authority, present or last known address and telephone number, and the identity of its chief executive officer, partners, or Persons in equivalent positions.

16. "Identify" with respect to Communications means to give, to the extent known, (a) a description of the substance of the Communication; (b) the form of the Communication (*e.g.*, telephone, facsimile, e-mail, etc.); (c) the identity of each Person that was a party to and/or present at the time of the Communication, as well as the full name, present or last known address, and the current or last known place of employment of each Person; (d) the Identity of the Person whom you contend initiated the Communication; and (e) the time, date, and place of the Communication.

17.     The term "relating to" means concerning, regarding, referring to, describing, evidencing, constituting, consisting of, reflecting, or being in any way logically or factually connected with the matter discussed.

18.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

19.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope.

20.     The singular of any word is intended to include the plural and vice versa.

21.     The use of present tense includes past tense, and vice versa.

22.     If you object to any Request, in whole or in part, on the grounds of privilege or other protection from discovery, provide all information required by Federal Rule of Civil Procedure 26(b)(5).

23.     For the convenience of the Court and the parties, each Request should be quoted in full immediately preceding the response.

24.     These Requests are continuing in nature. If you receive or otherwise become aware of Documents responsive to any Request after you have served your production to these Requests, you must promptly supplement your production to these Requests to provide such Documents, as required by Federal Rule of Civil Procedure 26(e).

25.     Unless otherwise indicated herein, the time frame for each of these Requests is January 1, 2019 to the present.

## REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 55:** All documents relating to Temu's "product posting process" for sellers (*see* Yu Decl. ¶ 9), including (a) the information, images, and other content that sellers

must provide during the process, (b) the extent to which Temu controls, provides instructions for, or provides recommendations for that process; and (c) the extent to which Temu uploads, approves, or clears the information, images, or other content provided during that process.

**DOCUMENT REQUEST NO. 56:** All documents relating to Temu's policies and procedures for conducting a "cursory pre-listing screening" of product information on its platform, including its "flagging" of products as infringing during that screening. *See id.* ¶¶ 12-13.

**DOCUMENT REQUEST NO. 57:** All documents relating to Temu's policies and procedures for sellers to "push" a listing "live" on Temu's platform (*see id.* ¶ 14), including the extent to which Temu (a) has control over, instructions for, or recommendations for that process and (b) approves or clears that process.

**DOCUMENT REQUEST NO. 58:** All documents relating to Temu's policies and procedures for sellers to update the levels of product inventory on Temu's platform (*see id.* ¶ 14), including the extent to which Temu (a) has control over, instructions for, or recommendations for that process and (b) approves or clears that process.

**DOCUMENT REQUEST NO. 59:** All documents relating to Temu's policies and procedures for sellers to send products to be temporarily stored in fulfillment warehouses before shipment to consumers (*see id.* ¶ 14), including the extent to which Temu (a) has control over, instructions for, or recommendations for that process and (b) approves or clears that process.

**DOCUMENT REQUEST NO. 60:** All documents relating to the "marketplace services" that Temu provides sellers on its platform (*see id.* ¶ 15), including any manufacturing, production, sourcing, logistics, shipping, or fulfillment services Temu provides such sellers.

**DOCUMENT REQUEST NO. 61:** All documents relating to Temu's policies and procedures for indicating price ranges to sellers on its platform (*see id.* ¶ 15), including the extent to which Temu (a) has control over, instructions for, or recommendations for sellers to set prices and (b) approves or clears sellers' prices for their products.

**DOCUMENT REQUEST NO. 62:** All documents relating to Temu's policies and procedures for managing and processing returns of products sold on its platform (*see id.* ¶ 17), including the extent to which Temu (a) has control over, instructions for, or recommendations for sellers to manage and process such returns and (b) approves or clears such returns.

**DOCUMENT REQUEST NO. 63:** All documents relating to Temu's policies and procedures for protecting third-party intellectual property rights (*see* Ji Decl. ¶ 4) and ensuring that products listed on its platform do not infringe on such rights.

**DOCUMENT REQUEST NO. 64:** All documents relating to Temu's policies and procedures for preventing sellers on its platform from re-registering if they were previously banned for copyright infringement. *See id.* ¶ 5.

**DOCUMENT REQUEST NO. 65:** All documents relating to Temu's policies and procedures for terminating users of its platform who infringe repeatedly. *See id.* ¶ 5.

**DOCUMENT REQUEST NO. 63:** All documents relating to Temu's designation and listing of an agent to receive DMCA notices. *See id.* ¶ 6.

**DOCUMENT REQUEST NO. 66:** All documents relating to Temu's policies and procedures for selecting or approving third-party sellers on its platform.

**DOCUMENT REQUEST NO. 67:** All documents relating to any subsidiaries or affiliates of WhaleCo or PDD offering products for sale on Temu's platform.

7

Dated: December 13, 2023                    Respectfully submitted,

                                            */s/ Elizabeth Austermuehle*
                                            Vivek Jayaram
                                            Elizabeth Austermuehle
                                            Palak V. Patel
                                            Jayaram Law
                                            54 W. 21st St., Suite 801
                                            New York, NY 10010
                                            T: (312) 212-8676
                                            vivek@jayaramlaw.com
                                            liz@jayaramlaw.com
                                            palak@jayaramlaw.com

                                            *Counsel for Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2023, I served a copy of the foregoing document on

the following counsel of record via email:

Garrett A. Leach
Sarah M. Craig
Xaviere Giroud
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Garrett.leach@kirkland.com
Sarah.craig@kirkland.com
Xaviere.giroud@kirkland.com

Brian A. Verbus
Kirkland & Ellis LLP
320 West Illinois Street
Suite 1711
Chicago, IL 60654
Brian.verbus@kirkland.com

Thomas Cull
Anna Naydonov
White & Case
111 South Wacker Street
Suite 5100
Thomas.cull@whitecase.com
anna.naydonov@whitecase.com

Dianne M. Kim
Wilson Sonsini Goodrich & Rosati
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Dianne.kim@wsgr.com

Lisa D. Zang
Russell Luke Kostelak
Victor Jih
Wilson Sonsini Goodrich & Rosait
1900 Avenue of the Stars
28th Floor
Century City, CA 90067
lzang@wsgr.com

rkostelak@wsgr.com
vjih@wsgr.com

Shanna Ariel Lehrman
Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue
Suite 5100
Seattle, WA 98104
slehrman@wsgr.com

Steven P. Mandell
Mandell Menkes LLC
333 West Wacker Drive
Suite 450
Chicago, IL 60606
smandell@mandellmenkes.com

/s/ *Elizabeth Austermuehle*
Elizabeth Austermuehle

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| VINCENT TRINIDAD, | |
| Plaintiff, | The Hon. LaShonda A. Hunt |
| v. | Case No. 23-cv-04786 |
| PDD HOLDINGS, INC., a Cayman Islands corporation, WHALECO, INC., a Delaware corporation, and DOES 1-10, | |
| Defendants. | |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**
**TO DEFENDANT PDD HOLDINGS, INC.**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Vincent Trinidad ("Plaintiff") hereby submits this Second Set of Interrogatories ("Interrogatories") to Defendant PDD Holdings, Inc. ("Defendant"), to be answered in writing and under oath within thirty (30) days of service hereof.

Except as the context may otherwise require, the following definitions and instructions shall apply to these Interrogatories:

**DEFINITIONS AND INSTRUCTIONS**

Terms and phrases should be construed in their broadest reasonable interpretation and should be reasonably understood in the context in which they are used. For additional clarity, certain terms should mean as follows:

1.      "Document(s)" means all materials within the scope of Federal Rule of Civil Procedure 34, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (ESI), that are stored in any medium whatsoever from which information can be

1

obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, pay stubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video and audio recordings (including recordings of conference calls or videoconferences), social media or other online content, computer programs, data generated and stored by devices connected to the Internet of Things (IoT), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a Document is a separate Document within the meaning of the term "Document." A Document includes all appendices, schedules, exhibits, and other attachments. The term "Document" refers to any Document now or at any time in your possession, custody, or control. A Person is deemed in control of a Document if the Person has any ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Person or public or private entity having physical possession thereof.

2. "Communication" is intended to be comprehensive and means and includes without limitation, any face-to-face conversation, meeting, conference, telephone conversations, telephone conference, or communication by the use of any medium, as well as any written, taped, computerized, or recorded conversation or communication of any kind whatsoever, including facsimile and telex transmissions and electronic mail.

3. "Plaintiff" means Plaintiff Vincent Trinidad and any present and former agents, servants, employees, consultants, representatives, attorneys, accountants, or other Persons acting on his behalf.

4.     "Defendant," "you," and "yours" mean Defendant PDD Holdings, Inc.; Defendant's corporate parents, affiliates, subsidiaries, divisions, predecessor and successor companies, and any corporations or entities controlling them or under their control; any partnership or joint venture to which Defendant is a party; and Defendant's present and former officers, directors, agents, servants, employees, consultants, representatives, attorneys, accountants, or other Persons acting on its behalf.

5.     "WhaleCo" means WhaleCo, Inc.; WhaleCo's corporate parents, affiliates, subsidiaries, divisions, predecessor and successor companies, and any corporations or entities controlling them or under their control; any partnership or joint venture to which WhaleCo is a party; and WhaleCo's present and former officers, directors, agents, servants, employees, consultants, representatives, attorneys, accountants, or other Persons acting on its behalf.

6.     "Temu" refers to the online marketplace operated by Defendant and/or WhaleCo.

7.     "Lawsuit" means the lawsuit captioned *Vincent Trinidad v. PDD Holdings, Inc., et al.*, Civil Action No. 23-cv-04786 pending in the United States District Court for the Northern District of Illinois.

8.     "Complaint" means the Complaint filed by Plaintiff Vincent Trinidad against Defendants PDD Holdings, Inc. and Whaleco, Inc. in this Lawsuit on or about July 24, 2023 (ECF No. 1).

9.     "Yu Declaration" means the Declaration of Jinhao Yu filed in the Lawsuit (ECF No. 54-2).

10.     The term "Works" means Plaintiff's works entitled "Cantana", "Catsune", and "Neko Shogun" registered with the Unites States Copyright Office with Registration Numbers VA 2-340-732, VA 2-340-733, and VA 2-340-734, respectively. *See* Compl. ¶¶ 3, 4, 25.

3

11.    The term "Infringing Products" means the products with graphics identical to the Works sold on Temu's website and mobile application, including, but not limited to, the t-shirts, sweatshirts, jackets, and pants featuring the Works depicted in the Complaint at paragraphs 5 and 33. *See* Compl. ¶¶ 5, 32, 33.

12.    "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

13.    "Describe" means set forth fully and unambiguously every fact relevant to the subject of the Interrogatory, of which you (including your agents and representatives) have knowledge or information.

14.    "Date" means the exact day, month, and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

15.    "Identify" with respect to a Person who is an individual means to state the Person's full name, present or last known address, and current or last known place of employment.

16.    "Identify" with respect to a Person that is an entity means to state its: full name, legal form, date of organization, state of incorporation or organization or other business or license authority, present or last known address and telephone number, and the identity of its chief executive officer, partners, or Persons in equivalent positions.

17.    "Identify" with respect to a Document means to give, to the extent known, the (a) type of Document; (b) general subject matter; (c) date of the Document; and (d) author(s), addressee(s), and recipient(s). In the alternative, you may produce the Document, together with identifying information sufficient to satisfy Federal Rule of Civil Procedure 33.

18.    "Identify" with respect to Communications means to give, to the extent known, (a) a description of the substance of the Communication; (b) the form of the Communication (*e.g.*,

telephone, facsimile, e-mail, etc.); (c) the identity of each Person that was a party to and/or present at the time of the Communication, as well as the full name, present or last known address, and the current or last known place of employment of each Person; (d) the Identity of the Person whom you contend initiated the Communication; and (e) the time, date, and place of the Communication.

19. "State the basis" means to describe in detail the factual basis supporting the claim, defense, allegation, contention, or assertion referenced in the Interrogatory, including (a) describing in detail the essential acts or failures to act forming the substance of the claim, defense, allegation, contention, or assertion; (b) identifying the Persons that are the sources of your information regarding the claim, defense, allegation, contention, or assertion; and (c) identifying any Document or Communication that is the basis for the claim, defense, allegation, contention, or assertion.

20. The term "relating to" means concerning, referring to, describing, evidencing, constituting, consisting of, reflecting, or being in any way logical or factually connected with the matter discussed.

21. The terms "all," "any," or "each" encompass any and all of the matter discussed.

22. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside its scope.

23. The singular of any word is intended to include the plural and vice versa.

24. The use of present tense includes past tense, and vice versa.

25. Each Interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

26.     If you object to any Interrogatory, in whole or in part, on the grounds of privilege or other protection from discovery, provide all information required by Federal Rule of Civil Procedure 26(b)(5).

27.     If you respond to an Interrogatory by reference to Documents pursuant to Federal Rule of Civil Procedure 33(d), identify the Documents with specificity, including by identifying the applicable Bates Number range to the extent the Documents are produced in response to Plaintiff's Requests for Production of Documents in this action.

28.     For the convenience of the Court and the parties, each Interrogatory should be quoted in full immediately preceding the response.

29.     These Interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any Interrogatory after you have served your answers to these Interrogatories, you must promptly supplement your answers to these Interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

30.     Unless otherwise indicated herein, the time frame for each of these Interrogatories is January 1, 2019 to the present.

## **INTERROGATORIES**

**INTERROGATORY NO. 14:** Describe in detail all "marketplace services" that Temu provides sellers on its platform (*see* Yu Decl. ¶ 15), including any manufacturing, production, sourcing, logistics, shipping, or fulfillment services Temu provides such sellers.

**INTERROGATORY NO. 15:** Identify any affiliates or subsidiaries of PDD or WhaleCo that have offered for sale, sold, displayed, developed, produced, imported, advertised, or promoted products on Temu's platform, indicating which action they took with respect to such products.

Dated: December 13, 2023

Respectfully submitted,

*/s/ Elizabeth Austermuehle*
Vivek Jayaram
Elizabeth Austermuehle
Palak V. Patel
Jayaram Law
54 W. 21st St., Suite 801
New York, NY 10010
T: (312) 212-8676
vivek@jayaramlaw.com
liz@jayaramlaw.com
palak@jayaramlaw.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 13, 2023, I served a copy of the foregoing document on

the following counsel of record via email:

Garrett A. Leach
Sarah M. Craig
Xaviere Giroud
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Garrett.leach@kirkland.com
Sarah.craig@kirkland.com
Xaviere.giroud@kirkland.com

Brian A. Verbus
Kirkland & Ellis LLP
320 West Illinois Street
Suite 1711
Chicago, IL 60654
Brian.verbus@kirkland.com

Thomas Cull
White & Case
111 South Wacker Street
Suite 5100
Thomas.cull@whitecase.com

Dianne M. Kim
Wilson Sonsini Goodrich & Rosati
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Dianne.kim@wsgr.com

Lisa D. Zang
Russell Luke Kostelak
Victor Jih
Wilson Sonsini Goodrich & Rosait
1900 Avenue of the Stars
28th Floor
Century City, CA 90067
lzang@wsgr.com
rkostelak@wsgr.com
vjih@wsgr.com

Shanna Ariel Lehrman
Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue
Suite 5100
Seattle, WA 98104
slehrman@wsgr.com

Steven P. Mandell
Mandell Menkes LLC
333 West Wacker Drive
Suite 450
Chicago, IL 60606
smandell@mandellmenkes.com

/s/ *Elizabeth Austermuehle*
Elizabeth Austermuehle

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

VINCENT TRINIDAD,

        Plaintiff,

v.

PDD HOLDINGS, INC., a Cayman Islands
corporation, WHALECO, INC., a Delaware
corporation, and DOES 1-10,

        Defendants.

The Hon. LaShonda A. Hunt

Case No. 23-cv-04786

### PLAINTIFF'S SECOND SET OF INTERROGATORIES
### TO DEFENDANT WHALE CO, INC.

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Vincent Trinidad ("Plaintiff")
hereby submits this Second Set of Interrogatories ("Interrogatories") to Defendant WhaleCo, Inc.
("Defendant"), to be answered in writing and under oath within thirty (30) days of service hereof.

Except as the context may otherwise require, the following definitions and instructions
shall apply to these Interrogatories:

### DEFINITIONS AND INSTRUCTIONS

Terms and phrases should be construed in their broadest reasonable interpretation and
should be reasonably understood in the context in which they are used. For additional clarity,
certain terms should mean as follows:

1.      "Document(s)" means all materials within the scope of Federal Rule of Civil
Procedure 34, including, without limitation, all writings, drawings, graphs, charts, photographs,
sound recordings, images, and other data or data compilations, including electronically-stored
information (ESI), that are stored in any medium whatsoever from which information can be
obtained either directly or, if necessary, after translation by the responding party into a reasonably

1

usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, pay stubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video and audio recordings (including recordings of conference calls or videoconferences), social media or other online content, computer programs, data generated and stored by devices connected to the Internet of Things (IoT), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a Document is a separate Document within the meaning of the term "Document." A Document includes all appendices, schedules, exhibits, and other attachments. The term "Document" refers to any Document now or at any time in your possession, custody, or control. A Person is deemed in control of a Document if the Person has any ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Person or public or private entity having physical possession thereof.

2.      "Communication" is intended to be comprehensive and means and includes without limitation, any face-to-face conversation, meeting, conference, telephone conversations, telephone conference, or communication by the use of any medium, as well as any written, taped, computerized, or recorded conversation or communication of any kind whatsoever, including facsimile and telex transmissions and electronic mail.

3.      "Plaintiff" means Plaintiff Vincent Trinidad and any present and former agents, servants, employees, consultants, representatives, attorneys, accountants, or other Persons acting on his behalf.

4.      "Defendant," "you," and "yours" mean Defendant WhaleCo, Inc.; Defendant's corporate parents, affiliates, subsidiaries, divisions, predecessor and successor companies, and any

corporations or entities controlling them or under their control; any partnership or joint venture to which Defendant is a party; and Defendant's present and former officers, directors, agents, servants, employees, consultants, representatives, attorneys, accountants, or other Persons acting on its behalf.

5.     "PDD" means PDD Holdings, Inc.; PDD's corporate parents, affiliates, subsidiaries, divisions, predecessor and successor companies, and any corporations or entities controlling them or under their control; any partnership or joint venture to which PDD is a party; and PDD's present and former officers, directors, agents, servants, employees, consultants, representatives, attorneys, accountants, or other Persons acting on its behalf.

6.     "Temu" refers to the online marketplace operated by Defendant and/or PDD.

7.     "Lawsuit" means the lawsuit captioned *Vincent Trinidad v. PDD Holdings, Inc., et al.*, Civil Action No. 23-cv-04786 pending in the United States District Court for the Northern District of Illinois.

8.     "Complaint" means the Complaint filed by Plaintiff Vincent Trinidad against Defendants PDD Holdings, Inc. and Whaleco, Inc. in this Lawsuit on or about July 24, 2023 (ECF No. 1).

9.     "Yu Declaration" means the Declaration of Jinhao Yu filed in the Lawsuit (ECF No. 54-2).

10.    The term "Works" means Plaintiff's works entitled "Cantana", "Catsune", and "Neko Shogun" registered with the Unites States Copyright Office with Registration Numbers VA 2-340-732, VA 2-340-733, and VA 2-340-734, respectively. *See* Compl. ¶¶ 3, 4, 25.

11.    The term "Infringing Products" means the products with graphics identical to the Works sold on Temu's website and mobile application, including, but not limited to, the t-shirts,

sweatshirts, jackets, and pants featuring the Works depicted in the Complaint at paragraphs 5 and 33. *See* Compl. ¶¶ 5, 32, 33.

12.     "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

13.     "Describe" means set forth fully and unambiguously every fact relevant to the subject of the Interrogatory, of which you (including your agents and representatives) have knowledge or information.

14.     "Date" means the exact day, month, and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

15.     "Identify" with respect to a Person who is an individual means to state the Person's full name, present or last known address, and current or last known place of employment.

16.     "Identify" with respect to a Person that is an entity means to state its: full name, legal form, date of organization, state of incorporation or organization or other business or license authority, present or last known address and telephone number, and the identity of its chief executive officer, partners, or Persons in equivalent positions.

17.     "Identify" with respect to a Document means to give, to the extent known, the (a) type of Document; (b) general subject matter; (c) date of the Document; and (d) author(s), addressee(s), and recipient(s). In the alternative, you may produce the Document, together with identifying information sufficient to satisfy Federal Rule of Civil Procedure 33.

18.     "Identify" with respect to Communications means to give, to the extent known, (a) a description of the substance of the Communication; (b) the form of the Communication (*e.g.*, telephone, facsimile, e-mail, etc.); (c) the identity of each Person that was a party to and/or present at the time of the Communication, as well as the full name, present or last known address, and the

current or last known place of employment of each Person; (d) the Identity of the Person whom you contend initiated the Communication; and (e) the time, date, and place of the Communication.

19.     "State the basis" means to describe in detail the factual basis supporting the claim, defense, allegation, contention, or assertion referenced in the Interrogatory, including (a) describing in detail the essential acts or failures to act forming the substance of the claim, defense, allegation, contention, or assertion; (b) identifying the Persons that are the sources of your information regarding the claim, defense, allegation, contention, or assertion; and (c) identifying any Document or Communication that is the basis for the claim, defense, allegation, contention, or assertion.

20.     The term "relating to" means concerning, referring to, describing, evidencing, constituting, consisting of, reflecting, or being in any way logical or factually connected with the matter discussed.

21.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

22.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside its scope.

23.     The singular of any word is intended to include the plural and vice versa.

24.     The use of present tense includes past tense, and vice versa.

25.     Each Interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

26.     If you object to any Interrogatory, in whole or in part, on the grounds of privilege or other protection from discovery, provide all information required by Federal Rule of Civil Procedure 26(b)(5).

27.     If you respond to an Interrogatory by reference to Documents pursuant to Federal Rule of Civil Procedure 33(d), identify the Documents with specificity, including by identifying the applicable Bates Number range to the extent the Documents are produced in response to Plaintiff's Requests for Production of Documents in this action.

28.     For the convenience of the Court and the parties, each Interrogatory should be quoted in full immediately preceding the response.

29.     These Interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any Interrogatory after you have served your answers to these Interrogatories, you must promptly supplement your answers to these Interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

30.     Unless otherwise indicated herein, the time frame for each of these Interrogatories is January 1, 2019 to the present.

## **<u>INTERROGATORIES</u>**

**INTERROGATORY NO. 19:** Describe in detail all "marketplace services" that Temu provides sellers on its platform (*see* Yu Decl. ¶ 15), including any manufacturing, production, sourcing, logistics, shipping, or fulfillment services Temu provides such sellers.

**INTERROGATORY NO. 20:** Identify any affiliates or subsidiaries of PDD or WhaleCo that have offered for sale, sold, displayed, developed, produced, imported, advertised, or promoted products on Temu's platform, indicating which action they took with respect to such products.

Dated: December 13, 2023

Respectfully submitted,

*/s/ Elizabeth Austermuehle*
Vivek Jayaram
Elizabeth Austermuehle
Palak V. Patel
Jayaram Law
54 W. 21st St., Suite 801
New York, NY 10010
T: (312) 212-8676
vivek@jayaramlaw.com
liz@jayaramlaw.com
palak@jayaramlaw.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2023, I served a copy of the foregoing document on

the following counsel of record via email:

Garrett A. Leach
Sarah M. Craig
Xaviere Giroud
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Garrett.leach@kirkland.com
Sarah.craig@kirkland.com
Xaviere.giroud@kirkland.com

Brian A. Verbus
Kirkland & Ellis LLP
320 West Illinois Street
Suite 1711
Chicago, IL 60654
Brian.verbus@kirkland.com

Thomas Cull
White & Case
111 South Wacker Street
Suite 5100
Thomas.cull@whitecase.com

Dianne M. Kim
Wilson Sonsini Goodrich & Rosati
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Dianne.kim@wsgr.com

Lisa D. Zang
Russell Luke Kostelak
Victor Jih
Wilson Sonsini Goodrich & Rosait
1900 Avenue of the Stars
28th Floor
Century City, CA 90067
lzang@wsgr.com
rkostelak@wsgr.com
vjih@wsgr.com

Shanna Ariel Lehrman
Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue
Suite 5100
Seattle, WA 98104
slehrman@wsgr.com

Steven P. Mandell
Mandell Menkes LLC
333 West Wacker Drive
Suite 450
Chicago, IL 60606
smandell@mandellmenkes.com

/s/ *Elizabeth Austermuehle*
Elizabeth Austermuehle

# EXHIBIT 3

J a
y a r
a m

lawyers for innovators®

December 13, 2023

**Via Email**

Garrett A. Leach
Sarah M. Craig
Xaviere Giroud
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Garrett.leach@kirkland.com
Sarah.craig@kirkland.com
Xaviere.giroud@kirkland.com

Brian A. Verbus
Kirkland & Ellis LLP
320 West Illinois Street
Suite 1711
Chicago, IL
brian.verbus@kirkland.com

Thomas Cull
White & Case
111 South Wacker Street
Suite 5100
Thomas.cull@whitecase.com

Anna B. Naydonov
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005
anna.naydonov@whitecase.com

RE:     *Ilustrata Servicos Design, Ltda., v. PDD Holdings, Inc., et al.* – Case No. 2:23-cv-04824
        *Tim Lord v. PDD Holdings, Inc., et al.* – Case No. 1:23-cv-04729
        *Tavia Milburn v. PDD Holdings, Inc., et al.* – Case No. 2:23-cv-04785
        *Vincent Trinidad v. PDD Holdings, Inc., et al.* – Case No. 2:23-cv-04786
        *Zhihan Wang v. PDD Holdings, Inc., et al.* – Case No. 2:23-cv-04824

Dear Counsel,

I am writing in connection with Defendant PDD Holdings, Inc.'s ("PDD") and Defendant
WhaleCo, Inc.'s ("WhaleCo") (collectively, "Defendants") Objections and Responses to Plaintiffs
Ilustrata Servicos Design, Ltda., Tim Lord, Tavia Milburn, Vincent Trinidad, and Zhihan Wang's

(collectively, "Plaintiffs") First Sets of Requests for Production (the "Requests") and First Sets of Interrogatories (the "Interrogatories") in the above-referenced actions (the "Cases").

As identified below, Defendants have (1) failed to provide certain documents and information which should be produced, and (2) provided incomplete responses that require clarification and supplementation. As we have discussed via email, Plaintiffs require this discovery from Defendants to respond to WhaleCo's Motions for Summary Judgment in the Cases.

*Issues Raised in WhaleCo's Motions for Summary Judgment*

WhaleCo's Motions for Summary Judgment raise two primary issues in each Case: (1) whether WhaleCo engaged in direct copyright infringement and (2) whether WhaleCo is protected by the DMCA's safe harbor provision.

The issue of the DMCA's safe harbor protection is further broken down into several sub-issues, including whether WhaleCo: (a) adopted and reasonably implemented a copyright infringement policy; (b) accommodated and did not interfere with "standard technical measures"; (c) had knowledge of the alleged infringement; (d) was aware of facts or circumstances from which the alleged infringement was apparent; (e) received a DMCA-compliant notice; (f) had the right and ability to control the alleged infringing activity; (g) received any financial benefit from the alleged infringing activity (assuming it had the right and ability to control such activity); (h) designated an agent to receive DMCA notices; (i) is precluded from the DMCA's safe harbor protection due to engaging in "extensive, manual, and substantive activities"[1] in connection with the alleged infringing activity.

Further, WhaleCo's Motions for Summary Judgment focus on the examples of the Infringing Products identified in Plaintiffs' Complaints, but do not address Plaintiffs' allegations that there may be other Infringing Products on Temu's platform. Each additional Infringing Product would implicate the same summary judgment issues listed above. Therefore, to fully dispose of WhaleCo's Motions for Summary Judgment, any additional Infringing Products on Temu's platform must also be considered.

*WhaleCo's Objections and Responses to the Requests*

Other than the handful of documents attached as exhibits to its Motions for Summary Judgment, WhaleCo has not produced any documents in response to the Requests.

To respond to WhaleCo's Motions for Summary Judgment, Plaintiffs require that WhaleCo produce documents in response to Request Nos. 4-29, 31-33, 36, 37, 41, and 47 in each Case, which relate to the following issues raised by WhaleCo's Motions for Summary Judgment:

---

[1] *See Roadget Bus. Pte. Ltd v. PDD Holdings Inc.*, No. 1:22-cv-07119, 2023 WL 4865005, at *9 (N.D. Ill. July 31, 2023) ("However, website owners are precluded from the DMCA safe harbor defense if they offer "extensive, manual, and substantive activities." (citation omitted)).

- Whether WhaleCo engaged in direct copyright infringement: Request Nos. 9-13, 22, 29, 47
- Whether WhaleCo adopted and reasonably implemented a copyright infringement policy: Request Nos. 36, 37, 41
- Whether WhaleCo accommodated and did not interfere with "standard technical measures": Request Nos. 36, 37, 41
- Whether WhaleCo knew of the infringement, or was aware of facts and circumstances from which the infringement was apparent: Request Nos. 4-6, 14-20, 41
- Whether WhaleCo received a DMCA-compliant notice: Request No. 41
- Whether WhaleCo had the right and ability to control the alleged infringing activity: Request Nos. 36, 37, 41
- Whether WhaleCo received any financial benefit from the alleged infringing activity: Request Nos. 27, 31-33, 41
- Whether WhaleCo designated an agent to receive DMCA notices: Request Nos. 37 and 41
- Whether WhaleCo engaged in "extensive, manual, and substantive activities" in connection with the alleged infringing activity: Request Nos. 9-13, 20-26, 28, 29, 36, 37, 41
- Whether there are additional Infringing Products on Temu's platform: Request Nos. 7, 8. If there are additional Infringing Products on Temu's platform, then WhaleCo must also produce documents related to those Infringing Products in response to all Requests identified in the previous bullet points, as well as in response to Request No. 30.

Additionally, WhaleCo must produce documents in response to Request Nos. 34 and 35, so that Plaintiffs may evaluate the extent to which discovery from PDD implicates the issues raised by WhaleCo's Motions for Summary Judgment. Further, to the extent WhaleCo's supplemental responses to the Interrogatories cite documents, WhaleCo must produce those documents in response to Request No. 39.

*WhaleCo's Objections and Responses to the Interrogatories*

To respond to WhaleCo's Motions for Summary Judgment, Plaintiffs require that WhaleCo supplement its responses to Interrogatory Nos. 1-4, 8, and 12 in each Case, which relate to the following issues raised by WhaleCo's Motions for Summary Judgment:

- Whether WhaleCo engaged in direct copyright infringement: Interrogatory No. 8
- Whether WhaleCo adopted and reasonably implemented a copyright infringement policy: Interrogatory No. 12
- Whether WhaleCo accommodated and did not interfere with "standard technical measures": Interrogatory No. 12

- Whether WhaleCo knew of the infringement, or was aware of facts and circumstances from which the infringement was apparent: Interrogatory No. 12
- Whether WhaleCo received a DMCA-compliant notice: Interrogatory No. 12
- Whether WhaleCo had the right and ability to control the alleged infringing activity: Interrogatory No. 12
- Whether WhaleCo received any financial benefit from the alleged infringing activity: Interrogatory No. 12
- Whether WhaleCo designated an agent to receive DMCA notices: Interrogatory No. 12
- Whether WhaleCo engaged in "extensive, manual, and substantive activities" in connection with the alleged infringing activity: Interrogatory No. 8
- Whether there are additional Infringing Products on Temu's platform: Interrogatory Nos. 1, 2, and 3(a). If there are additional Infringing Products on Temu's platform, then WhaleCo must also supplement its responses to Interrogatory Nos. 3(b)-3(f) and 4, all of which request information on each Infringing Product present on Temu's platform.

Additionally, WhaleCo must supplement its response to Interrogatory No. 10, so that Plaintiffs may evaluate the extent to which discovery from PDD implicates the issues raised by WhaleCo's Motions for Summary Judgment. WhaleCo must also supplement its response to Interrogatory Nos. 17 and 18, so that Plaintiffs may determine what depositions are necessary to respond to WhaleCo's Motions for Summary Judgment.

*PDD's Objections and Responses to the Requests and Interrogatories*

PDD has failed to commit to any document production or provide any substantive information in response to the Requests or Interrogatories.

To respond to WhaleCo's Motions for Summary Judgment, Plaintiff also requires that PDD produce documents in response to the above-listed Requests and supplement its responses to the above-listed Interrogatories. Depending on the nature of WhaleCo's relationship with PDD (itself the subject of the above-listed Requests and Interrogatories), discovery from PDD may implicate the issues raised by WhaleCo's Motions for Summary Judgment.

PDD has not requested stays of discovery in the Cases pending its Motions to Dismiss. Therefore, PDD has no legal basis to refuse to respond to the Requests or Interrogatories, and should promptly produce the documents and provide the information requested.

*Plaintiffs' Depositions*

As you are aware, Plaintiffs noticed the depositions of WhaleCo, PDD, Jinhao Yu, and Zhu Ji on December 12, 2023. Please advise as to your availability to meet and confer on the logistics surrounding these depositions in order to conduct them as efficiently as possible.

\*   \*   \*

   Please advise when we can expect Defendants to produce documents responsive to the Requests and supplement their responses to the Interrogatories. We are available to meet and confer on these issues this week or early next week.

Very truly yours,

*/s/ Liz Austermuehle*
Liz Austermuehle

Jayaram Law

# EXHIBIT 4

**WHITE & CASE**

December 30, 2023


Liz Austermuehle, Esq.
Jayaram Law
125 S Clark St. #1175
Chicago, IL 60603
liz@jayaramlaw.com
palak@jayaramlaw.com
vivek@jayaramlaw.com

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
**T** +1 202 626 3600

**whitecase.com**

**RE:**   *Ilustrata Servicos Design, Ltda. v. PDD Holdings, Inc. et al*, No. 1:23-cv-04824
*Lord v. PDD Holdings, Inc. et al*, No. 1:23-cv-04729
*Milburn v. PDD Holdings, Inc. et al*, No. 1:23-cv-04785
*Trinidad v. PDD Holdings, Inc. et al*, No. 1:23-cv-04786
*Wang v. PDD Holdings, Inc. et al*, No. 1:23-cv-04760


Dear Liz:

I write in response to your December 13, 2023 letter alleging deficiencies in Defendants' responses to Plaintiffs' first sets of Requests for Production ("RFPs") and Interrogatories. As we informed you in emails dated December 5, 2023 and December 7, 2023, Defendants' position is that no further discovery is required for Plaintiffs to respond to the dispositive motions currently pending—including PDD's Motions to Dismiss and Whaleco's Motions for Summary Judgment—and discovery should be stayed pending resolution of those motions. Defendants filed those Motions to Stay on December 20, 2023, and they are scheduled to be fully briefed by January 12, 2024. (*See, e.g.*, Case No. 1:23-cv-04729, Dkt. 64.[1]) As set forth in detail in those motions, a stay will not prejudice Plaintiffs, the pending motions are dispositive and require no additional discovery, and a stay will reduce the burden of litigation on the parties and the Court.

In response to Defendants' outreach regarding its Motion to Stay, Plaintiffs suggested that they "believe there is certain discovery that [they] need from Defendants in order to respond to the issues raised in the motions for summary judgment." (12/7/2023 11:21 AM Austermuehle Email.) Defendants noted their position that no further discovery was needed, but nonetheless offered to evaluate Plaintiffs' proposal, and asked Plaintiffs to confirm they agreed to stay discovery as to any other matters. (12/7/2023 3:59 PM Naydonov Email.) But Plaintiffs did not agree to stay discovery as to any other matters. (12/7/2023 5:51 PM Austermuehle Email ("We do not agree to stay discovery as to all other matters….").)

---

[1] Orders setting the same briefing schedule were issued in each of the above-captioned matters.

On December 13, 2023, you provided a letter alleging that Plaintiffs need unspecified documents in response to 33 of the 54 served RFPs and supplemental responses to 7 Interrogatories. But Plaintiffs made no effort to provide "specified reasons" why such discovery is necessary, or what "facts essential to justify [their] opposition[s]" to the Motions for Summary Judgment they allegedly do not already have, as required by Federal Rule of Civil Procedure 56(d). Plaintiffs further served multiple additional RFPs and Interrogatories. It is clear that Plaintiffs are not seeking "specified" discovery "essential to justify its opposition" to the Motions for Summary Judgment—indeed, all discovery essential to justify any opposition has already been provided. Rather, Plaintiffs are engaging in a broad fishing expedition in an effort to unfairly delve into Temu's irrelevant business practices and drive discovery costs far above any feasible recovery by Plaintiffs, even if Plaintiffs were to succeed on the merits (which they cannot do).

As Whaleco summarized with exemplary citations in its Motions to Stay, Whaleco produced all evidence needed to evaluate Whaleco's Motions for Summary Judgment. *See, e.g.*, Case No. 1:23-cv-04729, Dkt. 61 at 4-6. Nothing in Plaintiffs' December 13, 2023 letter establishes otherwise.

**Whaleco's RFP Responses:** Regarding Plaintiffs' assertion that it needs documents from Whaleco in response to over 30 RFPs to "respond to Whale[c]o's Motions for Summary Judgment," Plaintiffs offer only cursory bullet points that allegedly identify the issues raised by Whaleco's Motions for Summary Judgment and the RFPs purportedly relevant to each issue. Plaintiffs make no attempt to explain the relevance on a request-by-request basis; nor do they make any effort to explain why the documents, information, and sworn declarations Whaleco has already submitted with its Summary Judgment Motions are insufficient for Plaintiffs' Opposition. Indeed, Plaintiffs' listing does not identify a single specific document it purportedly needs. It simply lists vague categories, such as "[w]hether Whale[c]o engaged in direct copyright infringement," and then string cites RFPs, without any explanation as to how those RFPs allegedly relate to the Motions for Summary Judgment, much less how documents responsive to those RFPs are "essential" to Plaintiffs' opposition and have not already been produced.

Contrary to Plaintiffs' sweeping characterizations, the requests in the December 13 letter call for documents that:

(a) have already been provided with the Motions for Summary Judgment (for example, Request 19 seeks all documents relating to "your knowledge or awareness of Plaintiff and/or the Works, including, but not limited to, all Documents showing how and when you became aware of or obtained access to Plaintiff and/or the Works." But Whaleco included with its Motions for Summary Judgment the DMCA Notices that provided notice to Whaleco of the alleged infringement); or

(b) are overbroad, irrelevant to, and unnecessary for the response to the Motions for Summary Judgment (for example, Request 14 broadly seeks "[a]ll Documents relating to copies of the Works," but Plaintiffs have not shown which documents have not already been provided or why they need "all" documents "relating to" the asserted copyrights to respond to the Motions for Summary Judgment. In another example, Request 32 seeks "[a]ll Documents relating to deductible expenses attributable to and net profits resulting from the Infringing Products," which pertains to damages calculations and is similarly unrelated to the Motions for Summary Judgment).

Finally, numerous requests (e.g., Requests 9, 16-18, 20-22, 25, 28, 29, and 31) and purported "deficiencies" fundamentally misunderstand Whaleco's business model. They call for information regarding the design, manufacture, or creation of the allegedly infringing products or images (e.g., "conception, development, and creation of the Infringing Products and any images thereof"); But as Plaintiffs know and the Motions for Summary Judgment make clear, *Whaleco is a marketplace platform; it does not design, manufacture, create images for, or sell any of the allegedly Infringing Products.* Indeed, Whaleco has already explained that in the Motions for Summary Judgment and its prior discovery responses. *See, e.g.,* Whaleco Resp. to RFP No. 9 ("WhaleCo does not have any non-privileged documents concerning the conception, development, and creation of the Accused Products in its possession, custody, or control."); Whaleco Resp. to Interrogatory No. 4 ("WhaleCo had no involvement in the design or development of this product.")

**Whaleco's Interrogatory Responses:** Plaintiffs' Interrogatory list takes the same approach as the RFPs, requesting a vague category of information and citing one or more Interrogatories allegedly relating to it. Plaintiffs fail to explain what specific information they need but do not already have. This approach fails for the same reasons. To the extent Plaintiffs' requests actually relate to Defendants' Summary Judgment Motions, Defendants' Motions already provide the requested information with citations to relevant documents and sworn declarations.

Specifically, Interrogatory No. 12 requests to "[s]tate the basis for your DMCA safe harbor defense. *See* Answer at 26 ("Second Affirmative Defense")." Whaleco has explained the basis for its safe harbor defense and further addressed it in great detail through declarations and briefing submitted with its Motions for Summary Judgment.

Similarly, Interrogatory No. 8 asks Whaleco to "[d]escribe in detail any advertising and promotion of the Infringing Products, including by identifying (a) the media in which each advertisement or promotion occurred; (b) the date of the advertisement or promotion; and (c) the extent of distribution of the advertisement or promotion." Whaleco has already confirmed that it does not have any information responsive to this interrogatory because it has not and does not advertise or promote any of the allegedly Infringing Products. To the extent, the interrogatory seeks information about advertising and promotion by third parties (e.g., third-party sellers or Plaintiffs), that information is neither relevant to any issues in the Motions for Summary Judgment nor in Whaleco's possession, custody, or control.

**PDD Discovery:** Additionally, Plaintiffs seek discovery relating to PDD from both Whaleco and PDD. With respect to Whaleco, Plaintiffs assert they need discovery about PDD to evaluate "the extent to which discovery from PDD implicates the issues raised by WhaleCo's Motions for Summary Judgment." Plaintiffs provide no further explanation. Nor could they. Plaintiffs already know the relationship between Whaleco and PDD, because PDD submitted a sworn declaration in connection with its Motion to Dismiss. The Declaration confirms, *inter alia*, that "PDD is a holding company" and Whaleco "is a subsidiary of PDD." Case No. 1:23-cv-04729, Dkt. 27 ¶¶ 4, 11. The Declaration further confirms "PDD does not itself conduct any substantial business," "PDD does not operate any website in relation to the operation of the Temu platform," and "PDD does not operate the Temu platform." *Id.* ¶¶ 4, 8, 10. Plaintiffs' generic assertion that it wants sweeping discovery about PDD to consider whether it *potentially* relates to the Motion for Summary Judgment is a far cry from the standard in Rule 56(d).

3

With respect to Plaintiffs' purported need for discovery from PDD itself, Plaintiffs offer no support for this assertion, vaguely claiming that "discovery from PDD may implicate the issues raised by Whale[co]o's Motions for Summary Judgment." Not so. PDD explained in its Motions to Dismiss that it is a holding parent company that does not operate the Temu platform in the United States, has no presence in the U.S. or Illinois, no employees, and no evidence or witnesses relevant to any claims in the litigations. Indeed, Plaintiffs fail to explain *how* discovery from PDD (when it lacks any relevant documents or witnesses) may implicate the issues raised in Whaleco's Motions. Further, Plaintiffs' request for broad discovery from a foreign holding company who has a fully briefed motion to dismiss pending is improper. *See Siswanto v. Airbus*, 153 F. Supp. 3d 1024, 1032 (N.D. Ill. 2015) (recognizing that foreign nationals "usually should not be subject to extensive discovery to determine whether personal jurisdiction exists over them" and denying plaintiff's request for jurisdictional discovery because "[p]laintiffs failed to make a prima facie showing of personal jurisdiction, let alone proffer what limited discovery requests they would issue"). And, tellingly, Plaintiffs decline to identify a single RFP or Interrogatory to PDD that bears on Whaleco's Motions. Further, Plaintiffs already requested "jurisdictional discovery" related to PDD and the Court has not granted that Request (*see, e.g.*, Case No. 1:23-cv-04729, Dkt. 35 at § IV.A.iii (Plaintiffs' Opposition to Motion to Dismiss arguing Plaintiff "should be permitted to take jurisdictional discovery"); Dkt. 39 at § II.C (PDD explaining why the request for jurisdictional discovery should be denied)). This request is pending before the District Judge, and Plaintiffs' effort to re-raise that request again in its December 13, 2023 Letter is improper.

**Request re Additional Allegedly Infringing Products:** Plaintiffs further assert that Whaleco must provide discovery into whether there are additional allegedly "Infringing Products" on Temu's platform. As a service provider, Whaleco is not required to proactively monitor its platform for infringing listings or products. *See Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1099-1100 (W.D. Wash. 2004) (stating Amazon "does not have an affirmative duty to police its users"). Whaleco has adopted and implemented a copyright infringement policy and other procedures for reporting allegedly infringing products. *See, e.g.*, Ji Decl. ¶ 5; Yu Decl. Ex. 1 at §§ 14.2-14.4. Plaintiffs may not shift the burden to Whaleco, when in fact it is Plaintiffs' obligations to police their own copyrights. Nevertheless, Whaleco has clearly stated in the sworn declarations in support of its Summary Judgment Motions that Whaleco is not aware of any other outstanding takedown requests by any Plaintiffs for any Infringing Products. For avoidance of doubt, Whaleco is not aware of any other instances of allegedly "Infringing Products" on its platform. Accordingly, there is no additional information to provide.

**Plaintiffs' Deposition Requests:** Lastly, your Letter discusses Plaintiffs' requests for depositions. (12/13/2023 Ltr. at 4-5.) The parties met and conferred on Friday December 15, 2023 and discussed the timing of Plaintiffs' deposition notices. Plaintiffs agreed to take the depositions off calendar pending the Court's ruling on the Motions to Stay.

Best regards,

Anna Naydonov
Partner

**T** +1 202 637 6197
**E** anna.naydonov@whitecase.com

4