**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

VINCENT TRINIDAD**,**

      Plaintiff,

      v.

PDD HOLDINGS, INC., a Cayman Islands
Corporation, WHALECO INC., a Delaware
Corporation, and DOES 1-10,

      Defendants.

Case No. 1:23-cv-04786

Hon. Sharon Johnson Coleman

JURY TRIAL DEMANDED

**REPLY IN SUPPORT OF**
**DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY**

## I.    INTRODUCTION

Plaintiff's opposition fails to rebut any of Defendants' arguments for a stay of general discovery. Instead, and tellingly, Plaintiff points to discovery that is supposedly required to respond to Whaleco's motion for summary judgment, which is the subject of a separate motion before the Court. *See* ECF No. 74. And even then, rather than identifying specific discovery that is needed, Plaintiff simply parrots back the general elements of DMCA immunity and vaguely references "investigative" efforts that should prevent a stay. In other words, Plaintiff banks on general, broad discovery in the hopes to find *something* to stave off summary judgment—a classic fishing expedition. This is not a valid ground for avoiding a stay of general discovery. Such request is properly the subject of Plaintiff's pending Federal Rule of Civil Procedure 56(d) Motion and should not be the basis of denying this motion.[1]

That said, Plaintiff's 56(d) request also lacks merit, as Plaintiff failed to identify a single

---

[1] Plaintiff's Rule 56(d) motion is set for a separate briefing before Judge Coleman. *See* ECF No. 79.

1

*specific* document or piece of allegedly missing information he needs to oppose Whaleco's summary judgment motion. This contrasts sharply with both Whaleco's summary of the evidence it has provided to support its summary judgment motion (ECF No. 68 at 4-6) and Whaleco's detailed response to Plaintiff's discovery deficiency letter explaining why the information and documents sought (1) have already been provided before or with the summary judgment motion, (2) have no relevance to the summary judgment issues, and/or (3) misunderstand Whaleco's business model, as they seek information on the design, manufacturing, advertising, etc. of the accused products with the allegedly infringing works (activities done by third-party sellers and Plaintiff—not the internet service provider, Whaleco). Ex. 1, Declaration of Anna Naydonov ("Naydonov Decl."), at ¶ 3. Unable to rebut any of these specific arguments, Plaintiff defaults to the purported need for "investigative efforts." As detailed in Whaleco's opening brief and summary judgment motion, the only "investigative efforts" accomplished by general discovery would be those of Temu's competitor Shein who uses these litigations for an ulterior motive of disrupting Temu's business and obtaining broad discovery into Temu's business operations. Indeed, Plaintiff does not deny that Shein (who sent the DMCA notice on his behalf and licensed the work at issue) is the driving force behind this case, which, given that there was an insignificant number of sales of infringing products on Temu, otherwise has no commercial or common-sense reason to proceed.

Plaintiff also fails to show why the Court should deny PDD's motion to stay discovery pending resolution of its fully briefed motion to dismiss for lack of personal jurisdiction. PDD is a holding company with no witnesses, no relevant documents, and no operations within the United States. *See* ECF No. 27 at 2; ECF No. 28 at ¶¶ 3-9. Any discovery requests to PDD would be futile—yet Plaintiff's opposition misses this point entirely. Nor does Plaintiff mention to this

Court that in its opposition to the motion to dismiss, Plaintiff has already asked Judge Coleman to grant jurisdictional discovery, the Court has not granted or ruled on that request. *See* ECF No. 39 at 13. Seeking a second bite at the apple, Plaintiff decided to try his luck here.

Further, Plaintiff suggests that Defendants' motion seeks an "automatic" stay of discovery simply because a motion to dismiss and motion for summary judgment have been filed. Not so. Defendants made no such hollow request. To the contrary, Defendants have shown, as they must, that a brief stay of general discovery will simplify the issues, reduce the burden of litigation on the parties and the Court, and cause no prejudice to Plaintiff.

Finally, and critically, the cases relied on by Plaintiff teach that courts have the authority to stay discovery to ensure speedy and "*inexpensive*" determination of every action. *See New Eng. Carpenters Health & Welfare Fund v. Abbott Lab'ys*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb 20, 2013) (emphasis added). This is precisely what a brief stay will accomplish here—narrow or fully resolve the issues without the undue burden of costly, burdensome discovery. This case involves a single Digital Millennium Copyright Act ("DMCA") takedown notice by Temu's competitor Shein (on Plaintiff's behalf) to Temu, an online marketplace. *See* ECF No. 54 ¶ 30. Temu has long removed the allegedly infringing third-party listings that were the subject of that DMCA notice. *Id.* at ¶ 32. What's more, there were a meager number of sales of any products on Temu in connection with the allegedly infringing listings. The broad and intrusive discovery Plaintiff seeks to thrust upon Whaleco and this Court (with all the inevitable discovery disputes and issues that are then bound to unfold) is disproportionate to the value of the case and any possible damages Plaintiff may be able to recover. Nor is there a need to take this prejudicial, inefficient, and wasteful path where a brief stay of general discovery will assist the parties and the Court in focusing on the dispositive motions before them. To the extent Plaintiff

believes he needs jurisdictional or Rule 56(d) discovery (and which Defendant opposes), he has already petitioned the Court for that relief.

## II. ARGUMENT

### A. Good Cause Exists to Stay Discovery Relating to PDD

Contrary to Plaintiff's argument, Defendants are not arguing that a motion to dismiss, alone, automatically justifies a stay of discovery. Rather, because the pending motion to dismiss relates to a personal jurisdiction challenge and explains that PDD is a foreign holding company with no relevant witnesses or documents (ECF No. 27 at 2), a stay will simplify the issues in question, streamline trial, and reduce the burden of litigation on the parties and the Court. *See Rodriguez v. Ford Motor Co.,* No. 21 C 2553, 2022 U.S. Dist. LEXIS 41641, at *3 (N.D. Ill. Mar. 9, 2022) ("The fact that the issues raised could potentially be dispositive weighs in favor of staying discovery."); *Calderon v. P&G,* No. 22-cv-3326, 2022 U.S. Dist. LEXIS 245944, at *4 (N.D. Ill. Oct. 6, 2022) ("[I]n considering a request to stay, the Court considers the fact that Defendant's arguments may be dispositive, rendering discovery unnecessary or at least narrowing its scope."). And although Plaintiff skirts the issue, the reality is (as stated in PDD's sworn declaration, unrebutted by Plaintiff), ordering PDD to provide discovery would be futile because PDD lacks any contacts with Illinois, does not operate the Temu platform, and lacks any witnesses or documents to provide.[2] *See* ECF No. 28 at ¶¶ 3-9.

Plaintiff faults Defendants for "fail[ing] to cite a single case where the Court determined that the mere filing of a motion to dismiss on the basis of personal jurisdiction warranted a stay of all discovery." ECF No. 77 at 6-7. But none of the cases Plaintiff cites deny a motion to stay

---

[2] Regarding Plaintiff's speculation that Ms. Ji and Mr. Yu are PDD employees, he is incorrect. As PDD repeatedly explained, it is a holding company and does not operate the Temu platform.

pending a motion to dismiss for lack of personal jurisdiction.  ECF No. 77 at 5-6.  Indeed, as noted in a case relied on by Plaintiff, a stay of discovery may be "appropriate where a defendant has raised a jurisdictional challenge."  *Witz v. Great Lakes Educ. Loan Servs., Inc.*, No. 19-CV-06715, 2020 WL 8254382, at *2 (N.D. Ill. July 30, 2020) (internal citation omitted).  *See also Hayes v. Bd. Of Educ. For City of Chicago*, No. 21 C 1198, 2021 WL 8153761, at *1 (N.D. Ill. Dec. 22, 2021) ("[A] stay of discovery is generally appropriate" where there is "a potentially dispositive threshold issue such as a challenge to a plaintiff's standing") (citation omitted).

Multiple courts in this Circuit have stayed discovery pending a motion to dismiss for lack of personal jurisdiction.  *See, e.g.*, *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 947 (7th Cir. 2000) ("[I]mposing … burdensome, wide-ranging discovery against defendants from a foreign nation is not appropriate at a stage where the district court is trying to determine whether it has any power over the defendants."); *Trinity Metals LLC v. Shred-Tech N. Am.*, No. 121CV02876RLYDML, 2022 WL 18540484, at *3 (S.D. Ind. Oct. 19, 2022) ("A stay or substantial relaxation of discovery obligations is appropriate as to HAAS because it is a foreign company that apparently has no presence in the United States.").

Moreover, courts in this Circuit also recognize that without personal jurisdiction over a defendant, a court has no ability to enforce discovery disputes.  *See Alexander v. Take-Two Interactive Software, Inc.*, No. 3:18-CV-966-SMY-MAB, 2019 U.S. Dist. LEXIS 84516, at *4 ("A court must have personal jurisdiction to order compliance with a discovery request.") (quoting *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 745 (N.D. Ill. 2016)).  Without the resolution of PDD's personal jurisdiction issue, an open question exists as to whether the Court may assert authority over PDD in discovery disputes.  *Id.*

Further, in the briefing on the motion to dismiss, Plaintiff has already requested

"jurisdictional discovery" on PDD, but the Court has not yet granted that request. *See* ECF No. 39 at § IV.A.iii (Plaintiff's Opposition to Motion to Dismiss arguing Plaintiff "should be permitted to take jurisdictional discovery"). And PDD, for its part, explained that Plaintiff failed to make the required showing as to why jurisdictional discovery is warranted, and, in any event, such discovery would be pointless given that PDD does not operate the Temu platform and has no contacts with this forum. *See* ECF No. 43 at § II.C.

Finally, Plaintiff's claim regarding PDD's "failure to engage in good faith" in discovery (ECF No. 77 at 6) is without merit. As Plaintiff admits just several lines below this accusation (and earlier in the brief), PDD timely served objections to all of Plaintiff's discovery requests, asserting its personal jurisdiction defense and stating it would not engage in substantive discovery while its motion to dismiss is pending. *Id*. at 7. In sum, PDD has at all times in good faith engaged in the litigation subject to its personal jurisdiction defense. Nor, contrary to Plaintiff's claims, are PDD's claims of prejudice "conclusory" or inconsistent with its prior submission of discovery objections and responses. *Id.* PDD has repeatedly explained to Plaintiff it is a holding company with no relevant forum contacts, witnesses, or documents. Yet Plaintiff continues to inundate PDD with additional discovery requests and onerous deposition topics that ignore these facts and the pending motion to dismiss for lack of personal jurisdiction.

## B. Plaintiff's Reply Confuses General Discovery with Discovery Under Rule 56(d)

Throughout the opposition, Plaintiff conflates Defendants' motion to stay discovery with Plaintiff's motion for discovery under Federal Rule of Civil Procedure 56(d) ("Rule 56(d) Motion"). Indeed, on page one of the opposition, Plaintiff attempts to incorporate every argument he asserted in his Rule 56(d) Motion. ECF No. 77 at 1 n.1 ("Plaintiff hereby incorporates the arguments made in their Motion to Take Discovery Necessary to Respond to Defendant Whaleco's Motion for Summary Judgment [ECF No. 64] as if fully set forth herein."). Later in his brief, he

repeats the same categories of documents/information he allegedly needs in discovery that Plaintiff has already identified in his Rule 56(d) Motion.  *See* ECF No. 77 at 12.

But these are two separate issues.  Whether some limited discovery may be necessary under Rule 56(d) for Plaintiff to respond to Whaleco's motion for summary judgment—it is not—does not necessitate denial of Defendants' motion to stay general discovery.  This motion seeks a stay of *general* discovery while Defendants' fully-dispositive motions are resolved by the Court. Plaintiff has not and cannot justify continuing general discovery, when his counsel conceded through correspondence that only some of Plaintiff's currently pending discovery requests are potentially relevant to Plaintiff's opposition of Whaleco's motion for summary judgment.  *See* ECF No. 74-1, Austermuehle Decl., Exhibit 3 (identifying 33 out of 54 requests for production and 6 out of 18 interrogatories as allegedly relevant (they are not) to issues raised by Whaleco's motion for summary judgment).

Judicial economy dictates that the Court first resolve Whaleco's motion for summary judgment before proceeding with general discovery.  *See Berry Plastics Corp. v. Ill. Nat'l Ins. Co.*, No. 3:15-cv-00170-RLY-MPB, 2017 U.S. Dist. LEXIS 221286, at *4 (S.D. Ind. Jan. 20, 2017). To the extent any specific, limited evidence is needed for the summary judgment opposition (it is not), Plaintiff has chosen to pursue that relief separately through a 56(d) motion (which Whaleco will oppose in due course).

## C.  Granting a Stay Will Simplify the Issues Relating to Whaleco

None of Plaintiff's arguments in the opposition rebut Whaleco's showing that a brief stay of general discovery will simplify the issues in the case.

First, Plaintiff argues without support that Whaleco "cherry picked" various policies to attach to its motion for summary judgment and that the documents and affidavits are insufficient to show Whaleco's compliance with these policies.  ECF No. 77 at 7-8.  That, once again, is at

issue in the Rule 56(d) Motion.  Even so, the intellectual property policies attached to the summary judgment motion support Whaleco's DMCA safe harbor defense, *see, e.g.*, ECF No. 53 at 10, and Whaleco provided far more than just "a few policies."  It submitted two detailed declarations offered under penalty of perjury, the DMCA notices concerning the accused products, and the relevant agreements with third-party sellers—all of which are relevant to and sufficient to resolve the direct copyright infringement claim against Whaleco on summary judgment.  ECF No. 68 at 4-6.  Whaleco has also provided other relevant information in discovery, including verified interrogatory responses identifying sales information for accused products on the Temu platform.  For his part, Plaintiff fails to identify what additional documents he contends are necessary to respond to Whaleco's summary judgment motion, let alone why broad general discovery should proceed before the dispositive motions and Rule 56(d) issues are resolved by the Court.

Although it broadly mentions needing documents on "compliance" with the policies, the opposition is hopelessly vague as to what exactly Plaintiff contends it does not already have.  Whaleco has provided evidence that, in compliance with the DMCA, it follows a notice-and-takedown procedure, maintains and implements a repeat infringer policy, and promptly addressed the DMCA notice here.  ECF No. 68 at 4-6.  Plaintiff has not pointed to any current infringing listings on the platform or any purported "non-compliance" with the DMCA or Whaleco's policies.

Second, relying on the decision in *Witz v. Great Lakes Educ. Loan Servs., Inc.*, Plaintiff claims that a stay is improper because Whaleco is asking the court to "make a premature judgment as to [the complaint's] merits."[3]  ECF No. 77 at 8; *see* No. 19-CV-06715, 2020 WL 8254382, at

---

[3]  Although unclear, Plaintiff appears to suggest that because Whaleco did not file a motion to dismiss, it is somehow precluded from filing an early summary judgment motion.  ECF No. 77 at 8 ("First, Whaleco did not challenge the sufficiency of Plaintiff's Complaint. Whaleco has conceded that Plaintiff's Complaint states a claim….").  Plaintiff cites no authority in support of this position.

*2 (N.D. Ill. July 30, 2020). In *Witz*, the defendant argued it was entitled to a stay because it was likely to succeed on the motion to dismiss. *See Witz*, 2020 WL 8254382, at *1. The Court noted that a discussion of the merits of the pending motion was inappropriate. *Id.* at *2. But Whaleco is not arguing that a stay should be granted because it is likely to win its motion for summary judgment. Nor must the Court make such a determination to find that Whaleco's motion is dispositive and will potentially narrow the scope of the litigation. *See Calderon v. P&G,* No. 22-cv-3326, 2022 U.S. Dist. LEXIS 245944, at *3 (N.D. Ill. Oct. 6, 2022) ("The Court is by no means prejudging the parties' arguments regarding dismissal. But in considering a request to stay, the Court considers the fact that Defendant's arguments may be dispositive, rendering discovery unnecessary or at least narrowing its scope."). Whaleco has shown that the summary judgment motion is dispositive of all issues related to Whaleco and no additional discovery is needed to decide the motion. *See* ECF No. 68 at 10-14. Despite multiple rounds of briefing, however, Plaintiff still fails to articulate what specific documents or testimony he still needs that have not already been provided.

Finally, Plaintiff argues that "Defendants cannot simply state that they are an online service provider as a way of shutting down all litigation." ECF No. 77 at 9. Plaintiff then repeats the same broad categories of discovery he purportedly needs that are the subject of its Rule 56(d) motion. *Compare* ECF No. 77 at 12 (listing six allegedly relevant topics) *with* ECF No. 74 at 10 (listing the same topics verbatim). This again, conflates Plaintiff's Rule 56(d) Motion with this motion to stay general discovery. But for the avoidance of doubt, Whaleco made no blanket assertions that as an internet service provider it can "shut[] down all litigation." Rather, it provided detailed undisputed facts, under oath testimony, interrogatory responses, and relevant documents showing that it is entitled to DMCA safe harbor immunity as a matter of law.

Relying on *In re Aimster Copyright Litig.*, 252 F. Supp. 2d 634, 656-57 (N.D. Ill. 2002), *aff'd*, 334 F.3d 643 (4th Cir. 2001), Plaintiff states that DMCA safe harbor immunity is "granted only to 'innocent' service providers who can show that they do not have a defined level of knowledge regarding the infringement on their system." ECF No. 77 at 9. But Whaleco has done just that when it offered under oath testimony that it first became aware of third-party infringing listings on its platform from Shein's DMCA notice submitted on Plaintiff's behalf. ECF No. 54-1 at ¶7. Nor can Plaintiff quibble with the established case law that generalized knowledge that infringing activities may be happening on the platform are insufficient to deprive a platform of DMCA immunity. *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463, 510 (S.D.N.Y. 2008), *aff'd in part*, 600 F.3d 93 (2d Cir. 2010) ("[I]t therefore cannot be said that generalized knowledge of counterfeiting is sufficient to impute knowledge to eBay of any specific acts of actual infringement.").

Moreover, this motion to stay is not asking this Court to determine if Whaleco is a service provider or asking the Court to "shut[] down" all discovery. It seeks only to hold general discovery in abeyance until the Court resolves Whaleco's pending summary judgment motion on the DMCA safe harbor defense. Indeed, the purpose of the DMCA is to shield Internet service providers like Temu from liability for third-party infringements including onerous and burdensome legal proceedings such as this one. *Recording Indus. Ass'n of Am. v. Verizon Internet Servs. (In re Verizon Internet Servs.)*, 240 F. Supp. 2d 24, 36 (D.D.C. 2003) (quoting *ALS Scan, Inc. v. RemarQ Communities, Inc*., 239 F.3d 619, 625 (4th Cir. 2001)) (noting the DMCA serves to "provide immunity to service providers from copyright infringement liability for 'passive,' 'automatic' actions in which a service provider's system engages through a technological process initiated by another without the knowledge of the service provider").

### D. A Stay Will Reduce the Burden of Litigation on the Parties and the Court

As explained in the opening brief, a stay of discovery will reduce the burden on the parties and the Court. *See* ECF No. 68 at 15. Plaintiff fails to show how a stay would not reduce the burden on the parties. Rather than addressing the relevant issue, Plaintiff argues the purported relevance of certain discovery to its opposition to Whaleco's motion to summary judgment (which, once again, is a Rule 56(d) issue).

Moreover, Plaintiff fails to explain how *all* his discovery requests are relevant to the issues in the pending dispositive motions such that general discovery should not be stayed. They are not. Even Plaintiff has admitted that only a portion of the discovery requested is relevant to opposing Whaleco's motion for summary judgement. In a letter dated December 13, Plaintiff's counsel identified 33 out of the 54 requests for production served and 6 out of 18 Interrogatories as "relevant" to issues raised by Whaleco's motion for summary judgment.[4] *See* ECF No. 74-1, Austermuehle Decl., Ex. 3. Staying general discovery thus will necessarily reduce the burden of litigation as the parties need not negotiate on these additional requests.[5]

Plaintiff argues that "[s]imply asserting that discovery may be burdensome is not enough

---

[4] In that same letter, Plaintiff's counsel failed to identify a single request for production or Interrogatory to PDD that bears on Whaleco's motion for summary judgment and only vaguely claimed "discovery from PDD may implicate the issues raised by Whale[c]o's Motions for Summary Judgment." *See* ECF No. 74-1, Austermuehle Decl., Ex. 3 at 4. Plaintiff's opposition offers no additional detail, further showing that staying general discovery as to PDD will significantly reduce the burden on the parties.

[5] Although irrelevant to this motion to stay general discovery, Plaintiff's characterization of Whaleco's summary judgment evidence is incomplete and inaccurate. For example, Plaintiff argues that "surely" Whaleco must have documents related to its undisputed fact that "Temu's platform provides sellers with optional, basic image editing functions, which the sellers may use to modify any images they select and upload." ECF. No. 77 at 13 (citing Whaleco's Statement of Undisputed Facts, ECF No. 54 ¶ 16). Plaintiff omits that Whaleco provided the relevant "Notice for Using the Materials Editing Tools" as an exhibit to its motion that governs use of such tools (including that sellers are solely responsible for any images they upload including any intellectual property infringement claims resulting from the use of the tool). *See* ECF No. 54-2 ¶ 11, Ex. 2.

to prove that a motion for a stay is necessary." ECF No. 77 at 9-10. Defendants have done more than simply state that the discovery requests are burdensome and overbroad. Defendants explained why the specific discovery requests propounded by Plaintiff were overbroad with specific examples that Plaintiff has failed to rebut. ECF No. 77 at 11. Defendants also sent a detailed response to Plaintiff's December 13 letter rebutting any alleged discovery "deficiencies" and explaining why Plaintiff's requests are overbroad and, in any event, irrelevant to the resolution of the summary judgment motion. *See* ECF No. 74-1, Austermuehle Decl., Ex. 4. In sum, contrary to Plaintiff's contention, Defendants have engaged in detailed written correspondence regarding discovery. Moreover, Defendants' counsel agreed to and attended a telephonic meet and confer with Plaintiff's counsel on January 5, 2024. Naydonov Decl. at ¶¶ 4, 6. Both parties agreed during the call that the discussion on the status of general discovery was rendered moot and premature by the Court's earlier ruling requiring the parties to propose a new aligned case schedule for all five cases. Naydonov Decl. at ¶ 6. Since then, the parties have agreed to extend all case deadlines by 90 days. Naydonov Decl. at ¶ 7. Defendants thus have met and conferred on discovery with Plaintiff in good faith.

Next, Plaintiff seeks to justify the expansive deposition topics and discovery by claiming that the issues in Whaleco's motion for summary judgment are "complex and require detailed discovery to investigate." ECF No. 77 at 12. Yet again, this is properly before the Court in the Rule 56(d) Motion. Regarding general discovery, in a case where Temu promptly addressed the only DMCA takedown notice that it has received, involving meager sales and no allegations of additional infringing listings nor evidence of ongoing harm, the rules of proportionality dictate that compelling PDD and Whaleco to produce two 30(b)(6) witnesses to testify on 52 topics or to engage in other onerous discovery while the Court considers the pending, fully-dispositive motions

would be absurd.

Plaintiff also makes a vague and general claim about the discovery it needs into Temu's fulfillment services on its platform and Whaleco's cursory, prescreening listing review—which pertains to the DMCA safe harbor defense and thus, at most, a Rule 56(d) issue not before this Court. ECF No. 77 at 11. And although unclear what, if anything, this has to do with the issue of burden, Plaintiff then tries to distort the undisputed facts and the record on summary judgment. *Id.* Contrary to Plaintiff's assertions, Whaleco repeatedly stated it is unaware of any other third-party infringing sales or listings on its platforms (other than the accused listings, which generated a meager amount of sales). No discovery is needed into this issue (general or Rule 56(d)). Nor is discovery needed into the undisputed facts that Whaleco never takes title to the products, only provides fulfillment (as Plaintiff concedes), and that pre-listing product image review is cursory and consistent with marketplace immunity.[6] Sideshow arguments aside, however, staying general discovery will reduce the burden on the parties and the Court. Nothing in Plaintiff's opposition shows otherwise.

### E. A Stay Will Not Unduly Prejudice or Tactically Disadvantage Plaintiff

Plaintiff argues that a stay is unduly prejudicial for two reasons. First, he asserts, a stay of discovery would "prevent Plaintiff from obtaining discovery needed to respond to Whaleco's MSJ" and "prohibit Plaintiff from testing the veracity of Whaleco's arguments, claims, and

---

[6] *See, e.g., Milo & Gabby, LLC v. Amazon.com, Inc.*, No. C13- 1932RSM, 2015 U.S. Dist. LEXIS 92890 (W.D. Wash. July 16, 2015) (granting summary judgment for Amazon and rejecting contention that Amazon is liable for infringement in part because third-party sellers retain full title to and ownership of the inventory sold by third party even though Amazon held the product for a time in its "warehouse for storage and Amazon boxed up and shipped the product when a sale was consummated on the website"); *BWP Media USA, Inc. v. Clarity Digit. Grp.*, LLC, 820 F.3d 1175, 1181 (10th Cir. 2016) (affirming summary judgment in favor of defendant and stating "if the infringing content has merely gone through a screening or automated process, the ISP will generally benefit from the safe harbor's protection").

purportedly 'undisputed' facts." ECF No. 77 at 14. Here again, Plaintiff asks this Court to resolve the Rule 56(d) Motion and his prior request for jurisdictional discovery (not before this Court).

Second, Plaintiff asserts that a stay of discovery is prejudicial because it "would allow evidence to be altered or destroyed." ECF No. 77 at 14. In support, Plaintiff claims that Temu's website was changed to remove a reference to PDD. *Id.* From this, Plaintiff speculates that this change "potentially" demonstrates "an effort to conceal Temu's ties with PDD." *Id.* Taking a further unsupported leap, Plaintiff appears to accuse Whaleco and PDD of spoliation. *Id.* ("Staying discovery only allows Defendants additional time to alter information and conceal properly discoverable information."). Notably, Plaintiff fails to elaborate further than the three sentences relegated to page 14 of his brief to support this serious allegation. This is for good reason: these claims fail to withstand even the most cursory analysis.

A single change to Temu's website is not tantamount to "destroying or altering" evidence, especially when PDD has submitted a declaration under penalty of perjury confirming that PDD is Whaleco's parent company and has publicly stated that Whaleco runs the United States Temu website. *See* ECF No. 28. Whaleco and PDD are fully complying with their document preservation obligations, and Plaintiff has not shown otherwise. *See Sadler v. Retail Props. of Am.,* No. 12 C 5882, 2013 U.S. Dist. LEXIS 206567, at *8-9 (N.D. Ill. Sep. 27, 2013) (granting stay will not unduly prejudice or tactically disadvantage Plaintiffs because "the documents asked for are usually maintained by corporate entities such as the Defendants in the ordinary course of business" and they may obtain the documents at a later date). These unsupported accusations are irrelevant to the merits of this case and do not warrant denial of a stay. Moreover, the issue of purported ties between Whaleco and PDD appears to relate to Plaintiff's request for jurisdictional discovery—already made in another motion and not so far granted by the Court.

At bottom, a stay of discovery would not unduly prejudice Plaintiff. Plaintiff has not moved for a preliminary injunction or alleged an ongoing harm. Nor can he because, as detailed in the summary judgment motion and subsequent correspondence to Plaintiff, Whaleco is not aware of any other third-party allegedly infringing listings on its platform, no ongoing harm, and no outstanding DMCA takedown requests from Plaintiff. *See* ECF No. 74-1, Ex. 4.

The truth is, Plaintiff may serve additional discovery requests, depose witnesses, and embark on general discovery if the stay is lifted (and if the summary judgment motion does not dispose of the case). *See Blake v. Fin. Mgmt. Sys.,* No. 11 C 612, 2011 U.S. Dist. LEXIS 158847, at *4 (N.D. Ill. Sep. 19, 2011) (concluding that a stay "will not materially prejudice Plaintiff and will . . . benefit the efficient and economical management" of the action).

Nor will the stay slow down litigation. Plaintiff's Rule 56(d) Motion will be briefed in the next three weeks. *See* ECF No. 79 (setting briefing schedule for Rule 56(d) Motion). Defendants believe no further discovery is needed, and the Court should promptly order briefing and consider the summary judgment motion. In the meantime, the parties have agreed to extend (and the Court granted the request) all case deadlines by 90 days. A brief stay of the onerous, broad, and disproportionate general discovery while the dispositive motions are resolved is neither prejudicial nor bound to delay anything. To the contrary, it will promote speedy, inexpensive, and efficient resolution of the cases and should thus be granted.

III.    CONCLUSION

Defendants respectfully requests that the Court stay discovery until the resolution of Defendants' fully dispositive pending motions.

Dated: January 12, 2024

Respectfully submitted,

*/s/ Anna B. Naydonov*
Anna B. Naydonov (*pro hac vice*)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202)-626-3600
Anna.Naydonov@whitecase.com

Thomas M. Cull (Illinois Bar No. 6331606)
WHITE & CASE LLP
111 S. Wacker Dr.
Suite 5100
Chicago, IL 60606
(773) 330-9427
Thomas.Cull@whitecase.com

*Counsel for Defendants Whaleco Inc. and PDD Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2024, a copy of Defendants' Reply in Support of Defendants' Opposed Motion to Stay Discovery was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

*/s/ Anna Naydonov*
Anna Naydonov
