UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIM LORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-04729 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| PDD HOLDINGS, INC., a Cayman Islands Corporation, WHALECO INC., a Delaware Corporation, and DOES 1-10, | ) | Magistrate Judge Beth W. Jantz |
| | ) | |
| Defendants.[1] | ) | |

## ORDER

For the reasons discussed more fully below, Defendants' Motion to Stay Discovery [59] is granted. The parties are ordered to file a joint status report within 10 days of the District Judge's ruling on the motion to dismiss for lack of personal jurisdiction [25] filed by Defendant PDD Holdings, Inc., or Plaintiffs' Rule 56(d) motion [68]. The Court will consider lifting the stay on discovery at that time, depending on the District Judge's ruling(s) and what other motions, if any, remain pending.

---

[1] This Order is being entered simultaneously in four other related cases where Defendants have also filed a motion to stay discovery: *Ilustrata Servicos Design, Ltda. v. PDD Holdings, Inc. et al*, No. 1:23-cv-04824 (N.D. Ill. July 25, 2023) [Dkt. 66]; *Milburn v. PDD Holdings, Inc. et al*, No. 1:23-cv-04785 (N.D. Ill. July 24, 2023) [Dkt. 52]; *Trinidad v. PDD Holdings, Inc. et al*, No. 1:23-cv-04786 (N.D. Ill. July 24, 2023) [Dkt. 66]; *Wang v. PDD Holdings, Inc. et al*, No. 1:23-cv-04760 (N.D. Ill. July 24, 2023) [Dkt. 56]. The cases share relevant facts for purposes of the instant Order. Because this Order is being entered in all related cases, the Court uses the plural "Plaintiffs" in the body of this Order, despite the caption only relating to *Lord v. PDD Holdings, Inc, et al.* No. 1:23-cv-04729. All citations to the record relate to the *Lord* case.

## BACKGROUND

These related cases are brought by various artists against Defendants PDD Holdings, Inc. ("PDD"), Whaleco., Inc. ("Whaleco"), and Does 1-10 for Copyright Infringement (Count I), Contributory Copyright Infringement (Count II) and Vicarious Copyright Infringement (Count III). [Dkt 1.] PDD operates an e-commerce platform called Temu, and Whaleco is PDD's agent in the United States when providing services through Temu. [Dkt. 1 at ¶¶ 11-13.] Plaintiffs allege that infringing items were offered for sale on Temu; they further allege that "Temu consciously allows sellers using the Temu platform to offer products that infringe on others' intellectual property rights," and that "Temu knows that sellers are offering infringing products on the Temu platform, maintains control over the product images that are and can be offered on the platform, fails to actively police the platform for infringing products, and fails to maintain accurate records regarding repeat infringers." [Dkt. 1 at ¶ 27.]

In each of these cases, PDD has filed a motion to dismiss for lack of personal jurisdiction, arguing that PDD is a holding company with no contacts with Illinois and no operational role in Temu.[2] [Dkt. 25, 26.] Additionally, despite the early stage of the litigation, all Defendants have filed a motion for summary judgment, primarily asserting that Whaleco qualifies for safe harbor protection as a "service provider" under the Digital Millenium Copyright Act.[3] [Dkt. 47.] In response, Plaintiffs filed Rule 56(d) motions seeking discovery to adequately respond to the

---

[2] Additionally, in their brief in opposition to PDD's motion to dismiss, Plaintiffs have requested that they be allowed to conduct jurisdictional discovery. (Dkt. 35 at 13-14.) Should the District Judge rule that such discovery is necessary to decide the issue of personal jurisdiction, the Court will lift the stay to conduct such discovery.

[3] While PDD technically joined the motion for summary judgment, the main thrust of Defendants' arguments in the motion for summary judgment relate to Whaleco, as PDD maintains that it has no role in Temu's operations and is only a holding company for Whaleco.

motions for summary judgment. [Dkt. 68.] Those motions are all currently pending before the District Judge.

In the meantime, the cases were referred to this Court for discovery supervision. Defendants have moved to stay discovery "pending disposition of Whaleco's fully dispositive motions for summary judgment in all five cases and PDD's motion to dismiss for lack of personal jurisdiction." [Dkt. 59, 61.] Those motions to stay are fully briefed and ripe for disposition.

## DISCUSSION

### I. Legal Standard

District Courts have broad discretion in managing discovery. *Liggins v. Reicks*, Case No. 3:19-cv-50303, 2021 WL 2853359, at *1 (N.D. Ill. Jul. 8, 2021) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). "In determining whether good cause exists to stay discovery during the pendency of a motion to dismiss, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court." *Id.* (*citing Harper v. Cent. Wire, Inc.*, No. 19 CV 50287, 2020 WL 5230746, at *1 (N.D. Ill. Sept. 2, 2020)). "Moreover, while the filing of a motion to dismiss does not automatically stay discovery, staying discovery during the pendency of such a motion is 'not disfavored and [is] often appropriate where the motion to dismiss can resolve the case.'" *Vital Proteins, LLC v. Ancient Brands, LLC*, No. 22-cv-02265, 2023 WL 5671857, at *3 (N.D. Ill. Sept. 1, 2023) (quoting *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007)) (internal citations omitted). "Courts are more likely to stay discovery pending a motion to dismiss where the motion will resolve an important **threshold issue**." *Bianchi v. Tonigan*, No. 12 C 0364, 2012 WL 5906536, at *1 (N.D. Ill. Nov. 26, 2012) (emphasis added); *see also Liggins*, 2021 WL 2853359, at *1 (granting discovery stay, and

3

observing that, "[s]tays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where ... discovery may be especially burdensome and costly to the parties.")

## II. Prejudice to Plaintiff

The Court does not believe that there would be prejudice to Plaintiffs in granting the stay. Plaintiffs raise two arguments to show prejudice. First, Plaintiffs argue that "a stay of discovery prevents Plaintiff from obtaining discovery needed to respond to Whaleco's MSJ." [Dkt. 71 at 14.] However, that issue is the subject of Plaintiffs' Rule 56(d) motion and is more properly decided by the District Judge. If the District Judge grants Plaintiffs' Rule 56(d) motion, the Court will lift the stay and move forward with discovery as directed by the District Judge. As it stands now, Plaintiffs' argument does not show prejudice.

Second, Plaintiffs claim that "staying discovery would allow evidence to be altered or destroyed." [Dkt. 71 at 14.] As proof, Plaintiffs point to the fact that Temu's website no longer makes reference to PDD. [*Id.*] The Court does not believe that this is sufficient to show that there is significant danger of evidence spoliation in this case. The Court presumes that Defendants, which are sophisticated corporate entities, have the ability to retrieve prior versions of their websites if requested in discovery and "has systems in place to store and retain documents." *See Witz v. Great Lakes Educations Loan Servs., Inc.*, No. 19-cv-06715, 2020 WL 8254382, at *1 (N.D. Ill. Jul. 30, 2020) (finding no prejudice to non-movant that argued stay would increase likelihood of documents being lost or misplaced). In other words, the Court does not believe that Plaintiffs have shown that evidence has been destroyed or lost at this point.

Additionally, Defendants represent in their briefs that they are complying with their document retention and preservation obligations, (Dkt. 61 at 9, 75 at 14), and the Court takes them

4

at their word;[4] if they are not, and are found to be spoliating evidence, they will face potentially dire consequences, including having default judgment entered against them, depending on the circumstances. *See, e.g.*, *Boneck v. City of New Berlin*, 22 Fed. Appx. 629, 630 (7th Cir. 2001) ("Spoliation that sabotages a strong case supports default judgment; spoliation that destroys collateral evidence in a weak case does not require the same penalty"). As it stands, the Court does not believe that Plaintiffs will be prejudiced by a stay of discovery during the pendency of the motions currently pending before the District Judge.

### III. Simplifying the Issues

In light of the issues raised before the District Judge, staying the case has the strong potential to simplify the issues in this litigation moving forward. PDD's motion to dismiss if granted would remove an entire party from the case and would resolve a threshold issue in this litigation – *i.e.*, personal jurisdiction. Similarly, the motion for summary judgment if granted would dispose of the entire case. Pushing forward with costly and time-consuming discovery while these motions are pending does not make sense, particularly when the resolution of the pending motions may significantly narrow the parties and/or issues for discovery. To be clear, the Court is not previewing the outcome or opining on the merits of the motions pending before the District Judge, only noting the potential that those motions may alter the landscape of the case on certain threshold issues; in such circumstances, the second factor weighs in favor of granting the stay. *See, e.g., Liggins*, 2021 WL 2853359, at *3 (decision on qualified immunity "could dispose of the entire case or narrow the issues significantly," cutting in favor of granting stay); *see also*, *Madbak v. Anthem Ins. Co. Inc.*, No. 1:16-cv-03197-SEB-MPB, 2017 WL 5075262, at *2 (S.D.

---

[4] Federal Rule of Civil Procedure 11 states that any pleading, written motion, or other paper signed by an attorney certifies that "the factual contentions have evidentiary support . . . ." and provides sanctions for its violation.

Ind. May 23, 2017) (granting discovery stay where it would simplify issues where motions to dismiss for lack of personal jurisdiction had "potential to eliminate either [defendant] as a party to the action.").

Once again, Plaintiffs' arguments in their brief are more properly suited to a Rule 56(d) motion, contending that discovery is necessary to adequately respond to the pending motion for summary judgment.[5] [Dkt. 71 at 7-9.] In fact, Plaintiffs specifically stated that, "Plaintiff has properly stated his claims and, pursuant to Fed. R. Civ. P. 56(d), is entitled to further discovery on issues raised by Whaleco's MSJ." [Dkt. 71 at 8.] However, because a stay may simplify the issues, depending on the outcome of the pending dispositive motions before the District Judge, the Court finds that this factor cuts in favor of staying the case for the time being until the District Court rules upon the pending motions.

---

[5] Additionally, the Court is not persuaded by the cases cited by Plaintiffs in their brief. Several of them deal with standard 12(b)(6) motions instead of motions to dismiss for lack of personal jurisdiction. *See, e.g., Hayes v. Bd. of Ed. for the City of Chicago*, No. 21 C 1198, 2021 WL 8153761 (N.D. Ill. Dec. 22, 2021); *Harper v. Central Wire, Inc.*, Case No. 19-cv-50287, 2020 WL 5230746 (N.D. Ill. Sept. 2, 2020); *New England Carpenters Health and Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613 (N.D. Ill. Feb. 20, 2013). In *Builders Association of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996), the court denied a motion to limit discovery to the issue of standing during the pendency of a Rule 12(b)(1) motion, reasoning that limiting discovery would slow the case down significantly. Here, the Court believes the stay is just as likely to speed the case up in the long run by allowing the issues and/or parties to be streamlined rather than slowing down the litigation process, and therefore, declines to follow *Builders Association*. Finally, *Witz* is distinguishable because in that case, there was no outstanding discovery at the time the motion to stay was filed, which tipped the third factor (burden on the court and the parties) in favor of denying the stay. *See* 2020 WL 8254382, at *2 ("Defendant's concern as to the burden of discovery is therefore purely hypothetical"). In this case, the burden is not hypothetical, and the discovery propounded on Defendants would be burdensome, particularly on PDD, which maintains that it is not subject to this Court's jurisdiction because it has no contacts with Illinois.

IV.     **Burden on the Parties or the Court**

The Court finds that the last factor also cuts in favor of the stay. Where, as here, a threshold issue such as personal jurisdiction is being decided, it makes sense to conserve the resources of the parties and the Court until the issue is decided. *See, e.g., Liggins*, 2021 WL 2853359, at *3 ("Supreme Court precedent indicates a preference toward staying discovery pending a resolution of qualified immunity 'at the earliest possible stage in litigation'"); *Madbak*, 2017 5075262, at *2 ("While the Court is considering the motions to dismiss [for lack of personal jurisdiction] a discovery stay will conserve parties' resources and preserve the opportunity to conduct further discovery if either (a) the court decides jurisdictional discovery is necessary and/or converts AICI's, motion to a Rule 56 motion and determines Plaintiffs Rule 56(d) request has merit and/or (b) any part of the case survives the motions to dismiss"). PDD has argued that this Court does not have personal jurisdiction over it; if that turns out to be true, the Court would lack jurisdiction to enforce any discovery orders it issued and any litigation regarding discovery against PDD would be for naught. *See Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 745 (N.D. Ill. 2016) ("Likewise, a court must have personal jurisdiction to order compliance with a discovery request"). While a jurisdictional issue remains to be decided, the Court does not believe it is a wise use of resources to litigate and adjudicate discovery issues that the Court may not have the ability to enforce in any event. This is especially true where, as here, the briefs reveal that the scope of discovery appears to be very and the disputes already manifold. *See Vital Proteins*, 2023 WL 5671857, at * 4 ("The Court finds that responding to the discovery at issue would impose a significant burden . . . due to the sweeping nature of the requests").

## **CONCLUSION**

Because all three factors support staying discovery, Defendants' Motion to Stay Discovery [59] is granted.

E N T E R:

Dated:  February 28, 2024

_____
BETH W. JANTZ

United States Magistrate Judge