# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VINCENT TRINIDAD ) | |
| ) | |
| Plaintiff, ) | Case No. 23-cv-04786 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| PDD HOLDINGS, INC., ) | |
| WHALECO, INC., ) | |
| and DOES 1–10, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Vincent Trinidad ("Plaintiff") brought claims of direct copyright infringement against all defendants and contributory and vicarious copyright infringement against defendant PDD Holdings, Inc. ("PDD").[1] Rather than moving to dismiss the complaint, defendant Whaleco, Inc. ("Whaleco"), answered and moved for summary judgment [52] about two months later. The parties had engaged in only limited (and apparently highly contentious) initial discovery by that point. In response to Whaleco's motion for summary judgment, Plaintiff filed a Motion to Take Discovery Necessary to Respond to Defendant Whaleco's Motion for Summary Judgment [74] under Federal Rule of Civil Procedure 56(d). Discovery was stayed [92] pending the outcome of the various motions before this Court. The Court has considered the motions, the parties' briefs and affidavits in support of and in opposition to the motions, the parties' statements in court, and the applicable law. Being fully advised, the Court grants Plaintiff's motion [74] and strikes Whaleco's motion for summary judgment [52] without prejudice to refiling after further discovery.

---

[1] PDD moved to dismiss the complaint and joined Whaleco in moving for summary judgment. The Court recently granted PDD's motion to dismiss for lack of jurisdiction. Thus, the Court considers the remaining issues before it only as to Whaleco.

1

## STATEMENT

Whaleco argues that this is a simple case—and, as it has repeatedly represented to the Court, one worth very little money—that can and should be decided based on the few affidavits and documents attached in support of its papers. Plaintiff disagrees that these documents complete the necessary record. Plaintiff contends that Whaleco's discovery responses are deficient, that the parties have not yet exchanged documents or conducted depositions, and that he seeks targeted discovery to identify necessary details regarding the services Whaleco provided to its sellers and Whaleco's compliance with the Digital Millennium Copyright Act ("DMCA").

Rule 56(d) permits the Court to deny or defer ruling on a motion for summary judgment so the nonmoving party can take further discovery if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Whaleco is correct that a Rule 56(d) motion "requires more than a fond hope that more fishing might net some good evidence." *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019) (citations omitted). But, at this point, the Court cannot determine whether Plaintiff is "fishing." Plaintiff has not had the opportunity to adjudicate any of his discovery disputes, take any depositions, or engage in any meaningful exchange of documents. Instead, the only documents available to Plaintiff are those that Whaleco provided in support of its early and aggressive defense. This minimal production may prove to be exhaustive of the dispositive evidence, but Whaleco chose not to argue that Plaintiff's complaint was insufficient to "unlock the doors of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950 (2009).[2]

---

[2] At oral argument, Whaleco pointed the Court to *MaiBo v. WhaleCo, Inc.*, No. 23 C 2793, 2024 WL 1859730 (N.D. Ill. Apr. 29, 2024) (Hunt, J.). There, the court granted Whaleco's motion to dismiss a contributory trademark infringement claim because "the complaint lack[ed] any facts to suggest that Temu knew that any infringement was occurring prior to this lawsuit." *Id.*, at *4. But there is an important distinction between challenging the sufficiency of the pleadings (which Whaleco did not do in this case) and arguing that undisputed facts warrant judgment. Indeed, the *Maibo* plaintiff was "granted leave to file an amended complaint," *id.*, at *5, to address its insufficient allegations. *Maibo* is therefore not dispositive here.

2

In these circumstances, the Seventh Circuit has emphasized "the importance of allowing a party the opportunity to take meaningful discovery before granting summary judgment against" them. *Smith*, 933 F.3d at 866 (noting that "[a]ppellate courts often remand a denial of additional time for discovery when the motion for summary judgment is filed before the close of discovery, especially if there are pending discovery disputes"). "Rule 56(d) itself requires an affidavit or declaration giving specific reasons why the party cannot present facts essential to opposing a motion for summary judgment." *Id.* Plaintiff has followed that rule here. By affidavit, Plaintiff identified specific discovery he needs "regarding Whaleco's: (1) involvement in the creation of the Infringing Product listings; (2) vetting process before sellers can sell infringing products; (3) promotion and advertisement of the Infringing Products; (4) role in the manufacturing, shipping, and fulfillment services related to the Infringing Products; (5) financial benefit due to infringing activity; and, (6) general knowledge of the infringing activity on its platform." Plaintiff identified a further need for discovery regarding Whaleco's "attempts to implement [a DMCA] policy both generally and with respect to Plaintiff."

On their face, these requests appear relevant to Plaintiff's claims and Whaleco's defenses, though the Court does not comment on the breadth of any specific requests. Although the Court must necessarily consider the law applicable to the underlying dispute, it will not adjudicate the merits of Whaleco's motion for summary judgment here. Instead, the Court finds that Plaintiff has not presented "an obviously meritless claim," nor Whaleco an obviously meritorious defense. *Smith*, 933 F.3d at 865 (citing *Arnold v. Villarreal*, 853 F.3d 384, 389 (7th Cir. 2017)). It is not obvious that all the information Plaintiff seeks would be irrelevant and unnecessary to properly defend against a motion for summary judgment. Moreover, Plaintiff has diligently pursued the discovery he seeks through numerous requests to Whaleco and through his litigation of this motion and Whaleco's motion to stay discovery.

3

The Court has some sympathy for Whaleco's concerns. Modern "discovery … is intrusive, expensive, and inherently burdensome." *Jenkins v. White Castle Mgmt. Co.*, No. 12 C 7273, 2014 WL 3809763, at *3 (N.D. Ill. Aug. 4, 2014) (Cole, J.) (citations omitted). But Rule 26 provides Whaleco with guardrails, requiring that discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Judge Jantz, who is supervising discovery in this case by referral, is more than capable of addressing Whaleco's specific concerns as they arise. The amount of discovery undertaken thus far, however, is not proportional to the needs of this case. Plaintiff is allowed more.

**CONCLUSION**

For these reasons, the Court grants Plaintiff's Motion to Take Discovery Necessary to Respond to Defendant Whaleco's Motion for Summary Judgment [74] and strikes Whaleco's Motion for Summary Judgment [52] without prejudice to refiling after further discovery.

**IT IS SO ORDERED.**

Date: 6/26/2024

Entered:

_____
SHARON JOHNSON COLEMAN
United States District Judge